[S. F. No. 13970. In Bank.—December 30, 1930.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, EMMA JENNINGS et al., Respondents.

Daniel W. Burbank and C. F. Laumeister for Petitioner.

Edward O. Allen for Respondents.

SHENK, J.—Petition to review and annul a death benefit award of the Industrial Accident Commission. The petitioner is the insurance carrier of the employer of the deceased employee.

On December 17, 1928, Leroy Billings, an employee of the Union Ice Company, sustained injuries in an industrial accident at San Diego as a result of which he died on the same day. His surviving wife, Violet G. Billings, and his surviving mother, Emma Jennings, as dependents, filed with the Commission an application for an adjustment of their claims for death benefits. The Commission found the wife wholly dependent, and the mother partially dependent by reason of an annual contribution by the deceased toward the mother's support in the sum of $200. The Commission thereafter awarded to the wife the sum of $4,400, and to the mother the sum of $600 all payable in weekly installments. Thereafter, and on October 6, 1929, the wife died, whereupon, on November 2, 1929, the mother petitioned the Commission for a re-apportionment of the death benefit and for an order for the payment to her of the unpaid portion of the death benefit previously awarded to the wife. After hearing, the Commission granted the petition, made a re-apportionment and ordered that said unpaid portion of the death benefit to the wife be paid to the mother. The original award was not questioned and the only point now presented relates to the power of the Commission to make the subsequent order of re-apportionment and award.

For the purpose of this determination the fact and the extent of dependency must be taken as conclusively established by the findings on the original award. For the purpose of that award the fact and extent of dependency must be ascertained as of the date of the injury under section 14 (b) of the act and "this means that the death benefit must be computed on the rate of contribution at that time". (*Spreckels* v. *Industrial Acc. Com.*, 186 Cal. 256, 258 [199

Pac. 8].) ■ The question is then narrowed to this: Was the power of the Commission as to the distribution of the death benefits among dependents exhausted by the original award?

Section 9 of the act, 3 (c) (1), provides: "In case the deceased employee leaves a person or persons wholly dependent upon him for support, such dependents shall be allowed a . . . death benefit equal to three times his average annual earnings," with a maximum of $5,000. This maximum was awarded in this proceeding and was apportioned $4,400 to the wife and $600 to the mother with an additional award in the sum of $150 for burial expenses as authorized by the act.

Section 9 of the act, 3 (c) (2), provides: "In case the deceased employee leaves no person or persons wholly dependent upon him for support, but one or more persons partially dependent therefor, the said dependents shall be allowed . . . a death benefit which shall amount to three times the annual amount devoted by the deceased to the support of the person or persons partially dependent." Under the foregoing provision the undisputed evidence was that the annual amount devoted by the deceased to the surviving mother was $200, and the Commission awarded to her three times that amount or $600, as specified by the statute.

Section 14 (d) (1) of the act provides: "If there is one or more persons wholly dependent for support upon a deceased employee, such person or persons shall receive the entire death benefit, and any person or persons partially dependent shall receive no part thereof." Notwithstanding this provision the Commission awarded to the mother the sum of $600. No question was raised by the insurance carrier as to the power of the Commission to make the award to the mother, probably, we assume, because the total did not exceed the maximum. The award to the mother was paid in full.

At the time of the death of the wife the death benefit awarded to her had been paid down to $3,963.85, which latter sum was re-apportioned to the mother. The Commission seeks to justify this reassignment by virtue of section 14 (e) of the act, which reads: "The Commission may, anything in this act contained to the contrary notwithstanding,

set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and as may be just and equitable, and may order payment to a dependent subsequent in right, or not otherwise entitled, upon good cause being shown therefor. Such death benefit shall be paid to such one or more of the dependents of the deceased . . . as may be determined by the Commission. . . . In the event of the death of a dependent beneficiary of any deceased employee, if there be no surviving dependent, the death of such dependent shall terminate the death benefit. . . . ''

If it were not for the provisions of the foregoing section 14 (e) the position of the petitioner would unquestionably be well taken. In the absence of that section it might well be argued that the statute had definitely and finally fixed the death benefit award to a partial dependent and that the reassignment of the death benefit theretofore awarded to a total dependent, since deceased, to a surviving partial dependent, would be tantamount to an award to one not entitled under the statute. But the provisions of section 14 (e) are very broad. In effect they provide that notwithstanding any other provision of the act, but within the maximum liability of the employer as provided by the statute and in the amount found by the Commission to be due to dependents, the Commission may re-apportion and reassign the death benefits to such dependents ''in accordance with their respective needs and as may be just and equitable'', and may order payment to a dependent ''not otherwise entitled, upon good cause being shown therefor''. No point is made by the petitioner that the dependency of the mother did not and would not continue for a period far beyond the time when the original award to her was exhausted. The contrary satisfactorily appeared from the evidence at the hearing on the petition for re-apportionment. So far as the employer was concerned, its liability to dependents was fixed at a definite amount by the Commission within the statutory maximum. This amount became a fund for the benefit of the dependents of the deceased, to be administered according to their needs, and within the wise discretion of the Commission. Under said section 14 (e) the death of a dependent terminates the death benefit only ''if there be no surviving

dependent''. When, as here, there is a surviving dependent, the death benefit not yet payable is subject to reassignment under that section within the proper discretion of the Commission.

We discover no valid objection to section 14 (e) of the act under the broad grant of powers to the legislature in dealing with this particular subject. So long as dependents of the deceased employee survive it would seem that the employer is in no position to complain provided the discretion of the Commission under the statute be not abused. We find no such abuse in this case.

The award is affirmed.

Richards, J., Seawell, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.