[S. F. No. 9641. In Bank.—June 17, 1921.]

## SPRECKELS SUGAR COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—PARTIAL DEPENDENCY—COMPUTATION OF COMPENSATION.—Under section 14 (b) of the Workmen's Compensation Act, which fixes the amount to be allowed as a death benefit in a case of partial dependency as three times the annual amount devoted by the deceased to the support ˉof the person or persons partially dependent, such annual amount is not the amount actually contributed in the last or any other year of the decedent's life, but is the annual amount of the rate at which the decedent was contributing at the time of his injury, regardless of whether such rate had existed for a year or more or for less than a year.

[2] ID. — COMPENSATION IN DEATH CASES — THEORY ˊOF ACT. — The whole theory of the Workmen's Compensation Act as to death cases is that the dependents of the employee killed through some hazard of his employment shall be compensated for the loss of the support they were receiving from him at the time of his injury, which necessarily means that the death benefit must be computed on the rate of contribution at that time.

[3] ID.—ANNULMENT OF AWARD—SCOPE OF POWER OF COURT.—The power of the supreme court to annul an award of the Industrial Accident Commission is not confined to those cases wherein the commission has made a finding as to some jurisdictional fact which is not supported by the evidence, but extends to a case where upon the facts found the commission has authority to make an award but has made one contrary to what the law calls for upon those facts.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

R. P. Wisecarver for Petitioner.

A. E. Graupner and L. C. Brown for Respondent Industrial Accident Commission.

---

1.  Compensation recoverable generally, under workmen's compensation acts, notes, L. R. A. 1916A, 134; L. R. A. 1917D, 164.

D. W. Burbank, F. J. Hambly and H. E. Smith for Respondents John H. Gamblin et al.

OLNEY, J.—This is an application to review an award of the Industrial Accident Commission. There is no conflict in the evidence, the ultimate facts are found by the commission, and the question presented is one as to whether upon those facts the award of the commission can be sustained in respect to the amount which it allowed the dependents of one who was admittedly an employee and had been killed by accident in the course of his employment.

It appears that the deceased employee left no dependents except his brother and his brother's family, consisting of his wife and two minor children. The brother was paralyzed and incapacitated and for several years he and his family were supported wholly by the decedent, whose average monthly contribution for that purpose was $145. During these years, however, the brother's wife was training herself as a teacher at a normal school and the state university, and some three months before the accident to the decedent secured a position as a teacher, and from then on was herself in receipt of a salary. Her earnings went to the support of her family; it became but partially instead of wholly dependent upon the decedent, and the latter's contribution to its support fell to forty-five dollars a month. This was the condition of affairs existing at the time of the accident.

[1] The statute (Workmen's Compensation Act, sec. 14[b], [Stats. 1917, p. 844]), provides that the question of partial or entire dependency shall be determined in accordance with the fact as the fact may be at the time of the injury to the employee. The present case is, then, one of partial dependency. The statute also fixes the amount to be allowed as a death benefit in a case of partial dependency. Section 9(c) (2) of the act reads: "In case the deceased employee leaves no person wholly dependent upon him for support, but one or more persons partially dependent therefor, the said dependents shall be allowed . . . a death benefit which shall amount to three times the annual amount devoted by the deceased to the support of the person or persons so partially dependent."

The commission computed the death benefit allowable in the present case by taking as the annual amount of the decedent's contribution the amount he had actually contributed during the year immediately preceding his death, both during the nine months when total dependency existed and during the three months of the partial dependency which existed at the time of injury. The employer contends that this was erroneous; that the annual amount of which the statute speaks is not the amount actually contributed in the last or any other year of the decedent's life, but is the annual amount of the rate at which the decedent was contributing at the time of his injury, regardless of whether that rate had existed for a year or more, or for less than a year. Putting it concretely, the employer contends in this case that at the time of injury to the decedent a state of partial dependency existed and had existed for three months, as found by the commission; that likewise, as found by the commission, the decedent, during the continuance of this partial dependency, had been contributing to the support of his brother at the rate of forty-five dollars a month, and that the annual amount of contribution upon which the death benefit should be computed is the annual amount of contribution at this rate, and not the amount of contribution for three months at this rate and for nine months at a rate which did not exist when the decedent was injured.

It is quite evident, we think, that the employer's contention is correct. [2] The whole theory of the compensation act as to death cases is that the dependents of the employee killed through some hazard of his employment shall be compensated for the loss of the support they were receiving from him at the time of his injury. This necessarily means that the death benefit must be computed on the rate of contribution at that time. It is the rate which is the measure of the loss, not the gross amount which the decedent has happened to pay through any past year, or through any other period of time. A very simple illustration will make this plain. By reason of some circumstance —the death of his father, for example—the mother of an employee becomes partially dependent upon him, although she had not been previously dependent upon him at all. When this occurs he begins to contribute to her support at

the rate say of fifty dollars a month. He does this for three months, or perhaps for only one month, when he is killed. Manifestly the mother's loss of support is fifty dollars a month, or six hundred dollars a year, regardless of how long that support has been continuing, and compensation for the loss must be upon that basis, and not upon the basis of what the son has actually contributed in the short time the condition of dependency has existed. In the present case the facts as to dependency are merely reversed. A period of total dependency is succeeded by a short period of but partial dependency. During the first period the employee has contributed at the rate of $145 a month and during the second at the rate of only forty-five dollars a month. It is plain that the loss of support to the dependents incurred by the employee's death is the latter rate.

In addition to this line of reasoning, based upon the fundamental theory of the act as to the compensation granted by it, there is the language of the act itself. It provides that not only shall the question of the condition of dependency as entire or partial be determined as of the date of injury to the employee, but also that the extent of dependency shall be determined as of that date. The provision of the statute that in cases of partial dependency the death benefit shall be proportioned to the amount of the annual contribution of the employee is but a provision that the death benefit shall be proportional to the extent of the dependency, so that the effect of the two provisions is that it is the annual contribution as of the time of injury that is to be taken. This can be only a rate of contribution, since it is a point and not a period of time by which the contribution is to be determined. We would add that the rate of contribution at the time of injury is by no means necessarily to be determined by the contributions made during the last month of the employee's life, as counsel for the commission would seem to assume. There may have been no contributions in the last month. The employee may have been contributing in quarterly installments, for example, and the last month may not have happened to be a month of payment. But there would, nevertheless, be a rate of contribution existing as of the date of injury. It is this rate which the commission must determine from all the facts in the case, and when they have determined it, it is three

times the amount of the annual contribution according to this rate which the law says shall be the amount of the death benefit.

[3] A number of arguments in support of the award are advanced, but with one exception they are all answered, directly or indirectly, by what has been said, or else by the express language of the statute itself. The exception mentioned is not so much an argument in support of the award as it is one that the award, even though erroneous, cannot be set aside. It is that the power of the court to annul an award of the commission is confined to those cases wherein the commission has made a finding as to some jurisdictional fact which is not supported by the evidence, and that it does not go to a case where upon the facts found the commission has authority to make an award, but has made one contrary to what the law calls for upon those facts. The difficulty arises from the different shades of meaning which the word "jurisdiction" has. As sometimes used, it means simply authority over the subject matter or question presented. In this sense the commission undoubtedly had jurisdiction in this case and its award was not without jurisdiction on its part. But the word is frequently used as meaning authority to do the particular thing done, or, putting it conversely, a want of jurisdiction frequently means a want of authority to exercise in a particular manner a power which the board or tribunal has, the doing of something in excess of the authority possessed. A good illustration of a want of jurisdiction of this latter sort is the imposing by a court upon a person convicted of crime of a sentence in excess of that permitted by the statute. The court had jurisdiction to sentence the convicted person, but it did not have jurisdiction to impose a sentence not permitted by law, that is, it acted in excess of its power in so doing. Such excesses of jurisdiction can be reviewed on *certiorari*. The code section so provides (Code Civ. Proc., sec. 1068), and in particular section 67(a) of the Workmen's Compensation Act says that any party affected by a final order of the commission "may appeal to the supreme court of this state . . . for a writ of *certiorari* . . . for the purpose of having the lawfulness of the original order . . . inquired into and determined." It is the lawfulness of the award in question that is now under consider-

ation. Upon the facts found the statute prescribed the amount to be allowed as a death benefit, and the commission in allowing a different amount rendered an unlawful award and one in excess of its authority.

The award is annulled, and the matter involved remanded to the Industrial Accident Commission for such further proceedings and order as are not inconsistent with the views expressed herein.

Shaw, J., Angellotti, C. J., Sloane, J., Wilbur, J., Lennon, J., and Lawlor, J., concurred.