[S. F. No. 10815. In Bank.—February 2, 1924.]

MARKET STREET RAILWAY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—EVIDENCE—FINDINGS.—In a proceeding in *certiorari* to review an award of the Industrial Accident Commission under the Workmen's Compensation Act for injury to an employee, where there is evidence in the record to sustain the finding of the commission as to who constituted the dependents of the decedent and the extent of their dependency, the determination of the commission in that regard must be taken as final and binding.

[2] ID.—THEORY OF COMPENSATION ACT — DEPENDENTS — SUPPORT — TIME.—The whole theory of the Compensation Act as to death

cases is that the dependents of an employee killed through some hazard of his employment should be compensated for the loss of the support they were receiving from him at the time of his injury, which necessarily means that the death benefit must be computed upon the rate of contribution at that time; it is the rate that is the measure of the loss, not the gross amount the decedent had happened to pay through any past year or through any other period.

[3] ID.—EXCESSIVE AWARD—JURISDICTION.—Where it is shown in such a proceeding that the annual contribution of the decedent to the support of his dependents at the time of injury was three hundred dollars, that sum was the correct basis for an allowance, and an award greater than three times that amount, having no support in law or fact, is in excess of and without the jurisdiction of the Industrial Accident Commission.

[4] ID.—LACK OF EVIDENCE—REVIEW OF PROCEEDING.—Where there is an entire lack of evidence to support the findings on which an award by the Industrial Accident Commission is made, the proceeding is subject to review by the supreme court.

APPLICATION for Certiorari to review an order of the Industrial Accident Commission awarding compensation for death.   Award annulled.

The facts are stated in the opinion of the court.

William M. Abbott, K. W. Cannon and Cyril Appel for Petitioner.

Warren N. Pillsbury for Respondents.

WASTE, J.—This is a proceeding in review to determine the legality of a death benefit allowed by the respondent Commission to a father and mother, the partial dependents of a street-car conductor in the employ of the petitioner. It was stipulated before the Commission that the injury which caused the death of the employee arose out of and occurred in the course of his employment.   Some six years before his death the decedent left Calgary, Canada, where his parents resided, and came to San Francisco and obtained employment.   Thereafter, and until his death, it was his custom to send to his parents in Canada, for their support, monthly sums, the total contribution from this source being about three hundred dollars a year.   He had acquired a piece of real property in Canada which rented for fifty dollars a

month. This amount he appears to have also regularly turned over to his parents. The son sold this property in March, 1922, receiving in payment nine hundred dollars in cash and a mortgage for the remainder of the purchase price. He gave the nine hundred dollars to the father, who used a portion of the money for the payment of bills and placed five hundred dollars of the amount in bank, together with other funds he had on deposit. His total deposits in two banks at that time amounted to about eleven hundred dollars or twelve hundred dollars. These bank accounts appear to have been in the sole and exclusive control of the father of the decedent, who deposited and withdrew varying amounts at different times. No fixed sums were regularly withdrawn, recourse to the bank accounts being had as any occasion required. For the nine months after making this sale the son continued as before to send his parents sums averaging about twenty-five dollars a month. He was killed in December, 1922. The parents had more than one thousand dollars in bank when he died. They then closed the bank accounts and came to San Francisco.

The Commission found the applicants to be partially dependent upon the deceased employee for support. Petitioner contends that the finding as to who constituted the dependents of the decedent, and the extent of their dependency, is not supported by the evidence, and is not in accordance with the facts existing at the time of the death of the employee. [1] We find evidence in the record to sustain the finding, and the determination of the Commission in that regard must be taken as final and binding, in so far as this inquiry is concerned. (Workmen's Compensation Act, sec. 67c [Stats. 1917, p. 876].)

The real issue presented by this proceeding is whether or not the Commission made an award in excess of its jurisdiction. It is the lawfulness of the amount of the award that is here under consideration. The Commission found the annual amount contributed by the employee to the applicants was the sum of nine hundred dollars, which entitled them to a death benefit in the sum of two thousand seven hundred dollars. In arriving at the annual amount contributed by the employee to the support of his father and mother, the Commission based its finding upon the testimony that for a number of years the parents of the decedent had

regularly received and used as their own the monthly rental of fifty dollars derived from the real property in Canada, and in addition thereto an amount approximating twenty-five dollars a month, which he had contributed from his earnings. But, as already noted, the property was sold in March, 1922, and thereafter, and for a period of some months prior to his death, the only amount devoted by the decedent to the support of the applicants was approximately twenty-five dollars per month. It is the contention of the respondent that the nine hundred dollars resulting from the · real estate transaction was given to the parents as a substitute for the fifty dollars rental of the property which was sold in March, and was turned over to the parents as a sort of fund to be drawn on as needed for their support, and that as the nine hundred dollars was purposely drawn upon from time to time, rather than spent in one lump sum, the Commission was justified in considering that contributions at the rate of seventy-five dollars per month were actually · being made by the decedent at the time of his injury and death. Respondent, therefore, says that it was complying with the *criteria* set forth in *Great Western Power Co.* v. *Industrial Acc. Com.,* 191 Cal. 724 [218 Pac. 1009], as well as in the case of *Spreckels Sugar Co.* v. *Industrial Acc. Com.,* 186 Cal. 256 [199 Pac. 8], in determining the amount devoted by the decedent to the support of the dependents.

[2] Respondent is mistaken in its contention. The cases relied on by it hold the whole theory of the Compensation Act as to death cases to be that the dependents of the employee killed through some hazard of his employment shall be compensated for the loss of the support they were receiving from him at the time of his injury. This necessarily means that the death benefit must be computed upon the rate of contribution at that time. It is the rate that is the measure of the loss, not the gross amount the decedent had happened to pay through any past year or through any other period of time. The act provides that not only shall the question of the condition of dependency, as to entire or partial, be determined as of the date of the injury to the employee, but also that the extent of dependency shall be determined as of that date. The provision of the statute that in cases of partial dependency the death benefit shall

be proportionate to the amount of the annual contribution of the employee is but a provision that the death benefit shall be proportionate to the extent of the dependency, so that the effect of the two provisions is that it is the annual contribution as of the time of the injury that is to be taken. This can only be a rate of contribution, since it is a point and not a period of time by which the contribution is to be determined. (*Spreckels Sugar Co.* v. *Industrial Acc. Com., supra,* at pp. 258, 259; *Great Western Power Co.* v. *Industrial Acc. Com., supra.*)

[3]   For a period of nine months preceding the death of the decedent he had contributed, and at the time of his death was devoting an amount approximating twenty-five dollars a month, and no more, to the support of his partial dependents. The rate of the annual contribution of the deceased to the support of his dependents at the time of the injury was, therefore, twenty-five dollars a month, or three hundred dollars per year. That sum was the correct basis for an allowance, and an award greater than three times that amount, having no support in law or fact, is in excess of and without the jurisdiction of the Industrial Accident Commission. (*Spreckels Sugar Co.* v. *Industrial Acc. Com., supra.*)

[4]   There is in this case that entire lack of evidence to support the finding on which the award was made, which subjects the proceeding to a review by this court. (*Pruitt* v. *Industrial Acc. Com.,* 189 Cal. 459 [209 Pac. 31]; *Dearborn* v. *Industrial Acc. Com.,* 187 Cal. 591, 594 [203 Pac. 112].)

The award is annulled, and the proceeding is remanded to the Industrial Accident Commission for such further proceedings and order as are not inconsistent with the views herein expressed.

Myers, J., Lawlor, J., Lennon, J., Wilbur, C. J., and Seawell, J., concurred.

Rehearing denied.

Lawlor, J., Lennon, J., Waste, J., Myers, J., and Richards, J., concurred.