[Civ. No. 5138. First Appellate District, Division Two.—February 17, 1925.].

HAMMOND LUMBER COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and MARIA MARSILI et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE—TOTAL DEPENDENCY—FINDING—EVIDENCE.—In this proceeding to review an award of the Industrial Accident Commission on account of the death of an employee, the finding of the Commission that the surviving wife and child of the deceased were totally dependent upon deceased for their support was supported by the evidence.

(1) Workmen's Compensation Acts, **C. J.**, p. 115, n. 37.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission allowing death benefit. Award affirmed.

The facts are stated in the opinion of the court.

R. P. Wisecarver for Petitioners.

Warren H. Pillsbury for Respondents.

LANGDON, P. J.—This record is before us upon the return to a writ of review. Petitioners are objecting to an

Recovery of compensation by nonresident alien dependents, note, **L. R. A.** 1918F, 496.

award of the Industrial Accident Commission by which the surviving wife and child of Silvio Marsili, deceased, were allowed full death benefit, amounting to $3,300, because of the death of said Silvio Marsili which was brought about by an industrial accident. It· is not contended that the facts do not present a case for compensation, nor that the petitioners are not liable for the payment of the same. The controversy between the parties is as to whether the allowance should be made upon the basis of total or partial dependency of said wife and child.

Maria Marsili, the wife, and her infant daughter live in Italy and the deceased had been sending them money each month for their support. The evidence upon which the findings and award of the Commission are based consists of answers to interrogatories sent to Maria Marsili by the Commission and by the petitioners. The portions of this testimony which give rise to petitioners' contention are as follows: Maria Marsili was asked if she did any work since her marriage. She replied that she did none, except housework and caring for her child. She was asked: ''Do you own the home in which you live? A. No. Q. If not, who does own it, and, if you are required to pay rent, what is the amount of rent which you are paying per month? A. The owner is my father and I don't pay rent. . . . Q. Since Silvio Marsili left Italy, have you been living in your own home? A. Yes. Q. If not, with whom have you been living and what relations do these persons bear to you or to your husband? A. Living with father, four brothers, and three sisters.'' She then states that her husband sent her money from the time he came to America until his death, and it appears from the record that he sent the equivalent of $435 in nine months. She stated that this money was to support her child and herself. The questions and answers then continue: ''What person or persons other than Silvio Marsili supported or assisted you in your support of yourself and your child since Silvio Marsili left Italy? A. No. Q. To what extent did these other persons assist in your support? A. None. Q. What income did you have since your husband left Italy? A. None. . . . Q. At what amount do you estimate the average monthly cost of maintaining your-

self and your child, including cost of food, clothing and shelter? A. The average is 70 lire a day ($3.00)."

In answer to further interrogatories the witness stated that she lived in her father's house. She was asked: "Q. State whether or not any members of your family, brothers, sisters or other relatives, contributed to your support at any time during the three years preceding the injury of the employee, and if so, state each amount and dates. A. I did not have any help. Q. Give the amount and date of each contribution by each member of the family (other than that made by the employee) towards the family expenses during the year ending June 1, 1923. A. I paid my expenses with the money my husband sent me and now I am obliged to go into debt." She also stated: "I have never received any contribution, neither from any person, nor from any institution, nor from any private source." "Q. What is the monthly amount of your living expenses at the present time? A. About three hundred lire a month. Q. How much of this goes for rent, how much for food, how much for clothing? A. That is for my support alone." In answer to another interrogatory, the witness again stated: "I did not receive any help from anybody except from my husband."

[1] The Industrial Accident Commission upon this evidence has found that Maria Marsili and her child were totally dependent upon deceased for their support. While there are some conflicts in the testimony, if taken absolutely literally, especially that portion of it which has reference to the amount required for the support of the dependents, we fail to see how the Commission could have found otherwise than it did. The argument against the finding is based upon the fact that Maria Marsili stated that she lived in her father's house and did not pay rent. From this petitioner asks us to conclude that she received her rental free. And as she stated that it cost $90 a month for the support of herself and her child and that the money sent by her husband was barely enough for her support, petitioners ask us to conclude that the rental which she received without charge was of the value of $40 a month. The entire testimony of the witness must be taken as a whole and reconciled, if possible. It is also to be remembered that the questions were translated into

Italian and answers translated from Italian into English, and this fact may account for the lack of precision in some parts. We think the entire testimony, fairly considered together, shows that the witness was entirely supported by her husband; that she used his remittances to pay all expenses of herself and her child. She lived in a home with her father and brothers and sisters, and as she did not pay out a specific item for rent, she stated that she did not pay rent, as such. It is not to be expected that she would answer the questions as a student of economics would answer them, and that she would reply that in paying for her entire support, in paying into the household her proportion of the entire expense of maintaining the same out of the money sent to her by her husband, she was, in effect, paying rent. Her answers are such as a woman of her class would naturally make. She repeatedly said that she received nothing of value from anyone but her husband; that she used the money he sent to her to pay the expenses of herself and child; that she lived in the family with her father and brothers and sisters. It is unlikely that a peasant family living in a small province in Italy would set apart a separate apartment for this mother and her child, and it is fair to assume from the entire record that this woman and her child shared with the family their home and food and other necessities and in return paid into the family funds the money her husband sent to her, which was sufficient and only sufficient to pay her proportionate amount of the entire expense of maintaining the family.

The award of the Industrial Accident Commission is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 9, 1925.