[Civ. No. 7792. First Appellate District, Division Two.—March 4, 1931.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Henry G. Sanford and B. E. Pemberton for Petitioner.

Edward O. Allen for Respondents.

NOURSE, P. J.—The petitioner is the insurance carrier of the city and county of San Francisco, the employer of one G. S. Paizes, who was instantly killed in an explosion upon the work being conducted by the water department of the city near the town of Sunol. Spiros Paizes and the deceased were first cousins. The former was married and lived in San Francisco with his wife and four children. An unmarried brother of Spiros lived with him, paying $45 a month for board and room. Spiros conducted a barber-shop from which he earned from $100 to $140 per month upon which, for many years past, he had supported his family. In January, 1930, the deceased came to live with Spiros and he too paid $45 a month for board and room. This relation continued for three months when, in April, 1930, the deceased moved to Sunol and entered the employment of the city, where he remained until June 8th, the date of his death.·

During his residence with the Paizes family the deceased became attached to the two younger children—a boy of seven and a girl of five years—and contributed considerable sums to their support. After he moved to Sunol he sent two checks to Spiros—one for $57.75 and another for $62.25. These checks were cashed by Spiros and the proceeds were turned over to his wife. Upon the testimony of Spiros alone as to an oral agreement of the deceased to adopt and care for these minors, and as to the disposition of the funds received from the deceased the Commission concluded that these two minors were dependents of the deceased to the extent of $1200 a year and awarded the full sum of $3,600 to the father "to be received by him in his own right and disbursed in his own discretion for such purpose" (the support of said minors). In this proceeding the petitioner insists that the evidence fails to show that the minors were dependents within the meaning of the Compensation Act and that they were not members of the same family or household.

We are compelled to agree with petitioner that there is no evidence to support the amount of the award made and hence we will confine our discussion to that subject. Section

21 of article XX of the Constitution permits the enactment of a Workmen's Compensation Act for the benefit of "all workmen and *those dependent upon them for support*". Section 14, subdivision c, of the Compensation Act (Stats. 1917, p. 844), provides, in part, that "No person shall be considered a dependent of any deceased employee unless in good faith a member of the family or household of such employee." The purpose of these enactments is to place the burden of caring for the dependents upon the industry in which the "breadwinner" was employed rather than upon the public in general. ■ In order to profit under the terms of the act it is necessary for the applicant to show— first, that he is a dependent, and second, the amount actually devoted by the employee to such support.

Webster defines a dependent as "one who is sustained by another, or who relies on another for support or favor". Except in those cases in which wives, children and others are conclusively presumed, under the act, to be dependent "questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee." (Compensation Act, sec. 14, subd. b.) ■ There being no conclusive presumption of dependency because of the relation of the applicants to the deceased, it became incumbent upon the commission to determine "the extent of their dependency" as of the time of the employee's death.

■ In our review of the record we are unable to find any evidence supporting the Commission's finding that the minors were partially dependent upon deceased to the extent of $1200 a year. The testimony of the father discloses that he had at no time relinquished his rights or obligations as a parent of the applicants, but that he had accepted sums of money from the deceased for the care and support of the children in accordance with the assurance of the deceased that he desired to take care of these children. There was no evidence that these moneys, or any particular portion of them, were actually devoted to the support of these minors. The father testified that the deceased paid him $45 a month for his board and room and that he gave this money to his wife and *thought* she had used it for these minors. He also testified that during the

three months from January to April, 1930, the deceased purchased many pairs of shoes, suits and dresses for the minors and gave him some additional money which he in turn handed to his wife and which he thought his wife applied to the board and lodging of these minors at the rate of $35 each per month. The witness testified that he was a barber earning between $100 and $140 a month with which he supported himself, his wife and four children; that it cost him about $175 a month to keep his family; and that the money received from his brother and from the deceased for board and room was turned over to his wife, who made the purchases and paid the bills for the maintenance of the family. As to the money actually spent by the deceased for the benefit of the applicants and as to the money devoted to that purpose by his wife the witness stated that he had no knowledge. The wife was not called as a witness and the "extent of their dependency" is, therefore, left wholly to conjecture. If the witness had testified as to what his wife had told him such hearsay evidence would have given some support to a finding (*Perry* v. *Industrial Acc. Com.*, 180 Cal. 497, 498, 499 [181 Pac. 788]), but the witness having said that he had no knowledge of the subject matter, he thereby disqualified himself as a witness on the subject. (Code Civ. Proc., sec. 1845.) We are not, therefore, confronted with a question of the weight of the evidence to sustain the finding, or of the admissibility of any kind of evidence. It is merely a difference between evidence and conversation.

The rule applicable is found in *Great Western Power Co.* v. *Industrial Acc. Com.*, 191 Cal. 724, 739 [218 Pac. 1009, 1015] : "It is the amount actually devoted by the employee to such support that fixes the compensation. The amount, it would seem, must not only be contributed for support, but it must be actually applied wholly to that purpose." (See, also, *Owl Drug Co.* v. *Industrial Acc. Com.*, 71 Cal. App. 303, 307 [234 Pac. 921].) In the record there is no evidence showing the amount contributed by the deceased for the support of these minors and there is no evidence showing that any particular sum was actually applied to that purpose. At the most we find inconsistent statements of what the amount contributed *might* have been and the witness' conjecture that these sums were used *principally* for the support of these minors. But, even so, the finding of

the commission is far beyond the estimates of the witness and is inconsistent with the physical facts in evidence—that for many years the father had supported his entire family of six on an income estimated at from $100 to $140 a month, an average of less than $25 each; that the deceased was a migratory employee who had been out of employment for eighteen months; and that, at the time of his death he was earning approximately $150 a month. From these facts, and from other facts in evidence, it is apparent that the sum of $100 monthly was not necessary for the "support" of these two minors, and that, though the father may have used the moneys contributed by deceased "principally" for the support of the minors a large part of it was used either as a loan to himself or as an investment. That an award on such a basis cannot be sustained is the rule of *Great Western Power Co.* v. *Industrial Acc. Com., supra,* and *Owl Drug Co.* v. *Industrial Acc. Com., supra.*

It would serve no purpose to discuss the evidence on the issue of deceased's membership in the "family". The petitioner insists that the evidence merely shows that he was a "boarder" who made voluntary contributions to the support and comfort of the minors. On a rehearing this issue might be cleared by additional evidence.

The award is annulled and the matter is remanded for further proceedings.

Sturtevant, J., and Spence, J., concurred.