[Civ. No. 5585. Third Appellate District.—April 7, 1936.]

EMELINE LA FOUNTAIN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Robert H. Schwab and Chas. H. Crocker for Petitioner.

Everett A. Corten and R. P. Wisecarver for Respondents.

THOMPSON, J.—By means of *certiorari* the petitioner seeks to review an order of the Industrial Accident Commission denying her claim for compensation on account of the death of her husband, which was refused on the ground that she was not dependent for support on the deceased at the time of his death, since she had previously deserted him and they were living separate and apart from each other.

The petitioner and Alfred La Fountain were husband and wife at the time of his death, December 28, 1934, which occurred in the course of his employment by a fall into the shaft of a mine where he was working. Both spouses were under the age of majority. Their married life was brief and turbulent. Wild parties and excessive drinking contributed to their lack of harmony. ·November 13, 1934, they separated. He sought a reconciliation, which she refused. Her mother tried to adjust their differences, but failed. The claimant was keeping company with another young man. The morning of their separation the spouses were quarreling and the wife was heard to say ''she wouldn't stay with him because Ed Brobeck had made a better proposition to her and was going to take her up to Utah''. November 19th she wrote her husband a letter saying, ''I have concluded that we cannot live together any longer; therefore I am addressing you for the purpose of ascertaining whether or not it will be

convenient for you during the present week to call with your father so that we can proceed with an annulment of our marriage.'' On December 26th, two days before the death of her husband, she went to Sacramento in company with the young man Brobeck to see a lawyer, who at her request then commenced a suit for annulment of the marriage. The father of the deceased signed the complaint, but the claimant paid the fees for conducting the litigation. It is evident that she voluntarily left her husband on account of her interest in the other young man. The evidence shows that she wilfully left her husband and resisted all efforts toward a reconciliation. The commission found that: ''Emeline La Fountain was the wife of Alfred La Fountain at the time of the injury and had deserted him and was not living with her husband at the time of the injury, and he was not liable for her support, and she is not a dependent within the presumption of section 14 [of the Workmen's Compensation Act]. The employee was not contributing to the support of Emeline La Fountain at the time of the injury and she was not in fact dependent.''

Upon the preceding finding the petitioner's claim was rejected. An application for rehearing was denied. This petition for a writ of *certiorari* was then filed.

■ The petitioner contends that the evidence fails to support the findings and denial of award for the chief reason, as it is asserted, that neither desertion nor abandonment of her husband is shown on the part of the claimant.

We are of the opinion the evidence adequately supports the findings and the denial of compensation. There is ample evidence from which the commission was justified in finding that the claimant had abandoned her husband and that she was not living with him at the time of his death. The evidence also warrants the finding that she was not then dependent upon him for support, and that because of her abandonment he was then under no legal obligation to provide for her support. There is substantial evidence that she became interested in another young man; that she was not living with her husband; that she told him ''we cannot live together any longer''; that both she and the other young man were active in procuring an annulment of her marriage; that her husband offered to provide a home for her, which she refused to accept, and that he desired and sought a reconciliation, to which she would not consent.

■ The above-quoted finding is sufficiently specific to support the order of the commission denying compensation. It constitutes the finding of ultimate facts, which is all that is required. (*Frankfort General Ins. Co.* v. *Pillsbury,* 173 Cal. 56, 60 [159 Pac. 150] ; *Clarke* v. *Industrial Acc. Com.,* 87 Cal. App. 766, 771 [262 Pac. 471].)

■ It is not necessary to establish desertion on the part of a wife, as that term is defined by the Civil Code, to sustain an order of the Industrial Accident Commission denying compensation to her on account of the death of her husband. It is sufficient to prove that she was not then dependent upon him for support, as the term "dependency" is used in the Workmen's Compensation Act. Section 14 of that act does provide that a wife shall be conclusively presumed to be dependent for support on her husband when she is living with him at the time of the injury sustained, or if he was then legally liable for her support. Section 99 of the Civil Code does provide that: "Separation by consent, with or without the understanding that one of the parties will apply for a divorce, is not desertion."

However, section 96 of the same code provides that: "The refusal of either party to dwell in the same house with the other party, when there is no just cause for such refusal, is desertion."

Section 175 of the same code further provides that: "A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; nor is he liable for her support when she is .living separate from him, by agreement, unless such support is stipulated in the agreement."

In the present case the evidence supports both desertion on the part of the wife and an absence of legal liability on the part of the husband to support the claimant. The spouses were separated. They were not living in the same home. He proposed to provide a home for her and sought to obtain a reconciliation, both of which she refused to accept. She wrote him that "We cannot live together any longer", and she insisted on instituting annulment proceedings to cancel their marriage.

The order denying the award of the petitioner is affirmed.

Pullen, P. J., concurred.