[L. A. No. 21258. In Bank. Feb. 24, 1950.]

ORAL E. LARSEN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Riedman & Silverberg, Fred M. Riedman and Milton H. Silverberg for Petitioners.

T. Groezinger, Kearney, McCartney, Scott & Clopton and Howard J. Scott for Respondents.

SCHAUER, J.—Petitioners, surviving members of the household of an employe who suffered fatal injury in the course and scope of his employment, seek review of an award of death benefits. They contend that the evidence before the Industrial Accident Commission does not support its finding that the employe's daughter was not dependent upon him for support; that such evidence requires a finding that she was partially dependent; and that the amount of the award should be increased. With these contentions we agree.

Petitioners are the employe's widow, their 19-year-old daughter, and the employe's mother-in-law. After hearing on petitioners' application for adjustment of claim for death benefits, the Industrial Accident Commission found that the widow was wholly dependent,[1] that the mother-in-law was partially dependent,[2] and that the daughter was not dependent.[3] It made an award to the widow of $6,000, the maximum benefit permitted by statute (Lab. Code, § 4702) under the findings.

■ The evidence which requires a finding that the daughter was partially dependent is as follows: "that the daughter made $37.00 a week ["take home pay of about $32"], and that

[1]There is no question of the total dependency of a wife who was living with her husband at the time of his injury; it is "conclusively presumed" (Lab. Code, § 3501).

[2]Petitioners state that there is a question "whether [the mother-in-law] is not a total dependent" but they present no argument or authorities in support of this assertion. It is clear that the following evidence supports the finding that the mother-in-law was only partially dependent: She resided with deceased and his family; the extent of his contribution to her support was to supply her with room and meals; "She gets $23.23 a month from the social security . . . and she had no other income."

[3]Counsel for the Industrial Accident Commission now concede that the undisputed evidence establishes as a matter of law that the daughter of deceased, at the time of his injury, was partially dependent upon him.

she supported herself, and because she was trying to save money contributed nothing to the household expenses and received her room and board free." Whether she was successful in her effort to save money does not appear. There is no direct evidence of the value of the board and room which the employe gave his daughter; however, it was stipulated that the value of the substantially similar contributions of necessities to his mother-in-law was $72 a month and, based upon this stipulation, the commission found that the annual amount devoted by him to support of the mother-in-law was $864.

It is apparent that at the time of his injury the deceased was contributing substantially the same necessities of life to his mother-in-law and to his daughter, and that each of the latter (the mother-in-law through use of her social security income and the daughter through use of at least part of her earnings) contributed to her own support. Although the daughter, unlike the mother-in-law, might have been able to purchase for herself the bare necessities of life without aid from deceased, both mother-in-law and daughter were partially dependent within the meaning of the workmen's compensation act. ■ Dependency within the meaning of the act "does not mean absolute dependency for the necessities of life; it is sufficient that contributions of the workman are looked to for support in the maintenance of the dependent's accustomed mode of living." (1916A L.R.A., p. 248, quoted with approval in *London G. & A. Co., Ltd.* v. *Industrial Acc. Com.* (1927), 203 Cal. 12, 16 [263 P. 196]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.* (1943), 57 Cal.App.2d 616, 619 [135 P.2d 7].) This view, it has been said, is that of the majority of jurisdictions. (See 58 Am.Jur., Workmen's Compensation, § 163.) In *London Guar. & Acc. Co.* v. *Industrial Acc. Com.* (1943), *supra,* it is further said that the facts "that the deceased may have furnished the applicant with most of what may be termed the necessities of life and that the applicant expended most of her earnings upon what may be termed the luxuries of life" and "that after the death of the deceased, the applicant could no longer maintain the same standard of living without assistance" "show a case of partial dependency rather than of total dependency."

■ Respondent insurer asserts that "the existence and extent of dependency are questions of fact for the Commission's determination except where controlled by statutory presumptions." (Lab. Code, § 3501, setting forth such presumptions, is not applicable to the daughter.) We fully recog-

nize that such findings will not be disturbed when supported by evidence in the record (see 27 Cal.Jur., Workmen's Compensation, § 25). But the courts of this state have not hesitated to annul a death benefit award based upon a finding of total dependency, and to point out that the case was one of partial dependency only, where the evidence showed without contradiction that at the time of deceased's injury another than deceased was making substantial contributions to the support of applicant. (*Tuttle* v. *Industrial Acc. Com.* (1939), 31 Cal.App.2d 279, 282 [87 P.2d 881]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.* (1943), *supra*, p. 619 of 57 Cal. App.2d.) The case should be the same where a finding of no dependency is based upon evidence which without contradiction shows partial dependency. "Findings of the Commission will not be disturbed by an appellate court if based upon some evidence, or upon conflicting evidence, but as said in *Pruitt* v. *Industrial Acc. Com.*, 189 Cal. 459, 466 [209 P. 31], where there is no evidence to support a finding a review may be had on the theory that the Commission had no jurisdiction to make it." (*Owl Drug Co.* v. *Industrial Acc. Com.* (1925), 71 Cal.App. 303, 306 [234 P. 921] [finding of partial dependency but no evidence of dependency; award annulled and cause remanded]; see, also, *Sada* v. *Industrial Acc. Co.* (1938), 11 Cal.2d 263, 269-270 [78 P.2d 1127] [finding of partial dependency; evidence did not support finding as to extent of dependency; award annulled and cause remanded]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.* (1931), 112 Cal.App. 329 [297 P. 38] [same].)

Respondent insurer urges that, even if it be concluded that the evidence establishes partial dependency of the daughter, remand of the cause to the commission for further proceedings is unnecessary and improper because the award of $6,000 is the maximum permitted by statute. In this contention the insurer is mistaken. Section 4702 of the Labor Code (as amended in 1947) provides in material part that "the death benefit . . . shall not exceed . . . the sum of six thousand dollars ($6,000), except in the case of a surviving widow with one or more dependent minor children, in which case the death benefit shall not exceed seven thousand five hundred dollars ($7,500) . . ." It is the position of the insurer that the phrase "dependent minor child" in the quoted portion of section 4702 means *totally* dependent minor child. However, in other sections of the Labor Code which concern bene-

fits to dependents (§§ 3501-3503, 4700, 4701, 4703-4706) and in section 4702 as it read before the 1947 amendment which added the provision under discussion, the unmodified word "dependent" includes both one partially and one totally dependent; the words "partially" and "totally" or "wholly" are always used when reference is to one or the other class of persons dependent. There appears to be no reason why, in the 1947 amendment of section 4702, the general term "dependent" should be understood as limited to those totally dependent.

But if there be any question whether the word "dependent" includes those partially dependent, section 4702 should be construed liberally to extend coverage to partially dependent minor children. The section is in division IV of the Labor Code. "Division IV and Division V of this code are an expression of the police power and are intended to make effective and apply to a complete system of workmen's compensation the provisions of sections 17½ and 21 of Article XX of the Constitution of this State." (Lab. Code, § 3201.) "A complete system of workmen's compensation includes adequate provisions for the comfort, health and safety and general welfare of any and all workmen *and those dependent upon them for support* to the extent of relieving from the consequences of any injury or death incurred or sustained by workmen in the course of their employment, irrespective of the fault of any party . . ." (Cal. Const., art. XX, § 21.) (Italics added.) "The cardinal rule of statutory construction is . . . well settled to the effect that the language of an act must be construed to effect its evident object and purpose . . . The object and purpose of the Workmen's Compensation . . . laws is so clearly stated in the [above quoted language of the state Constitution] that there can be no mistake concerning the purpose aimed to be accomplished." (*Harlan* v. *Industrial Acc. Com.* (1924), 194 Cal. 352, 361 [228 P. 654].)

For the reasons above stated the award is annulled and the cause is remanded to the commission for appropriate further proceedings to include determination of the amount by which the death benefit should be increased.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.