[Civ. No. 23378.   First Dist., Div. One.   July 28, 1966.]

INDUSTRIAL INDEMNITY COMPANY et al., Petitioners,
v. INDUSTRIAL ACCIDENT COMMISSION, MARIA
CARRION LOPEZ et al., Respondents.

Sterling L. Hilen and Leonard & Goshkin for Petitioners.

Miguel A. Leite, Everett A. Corten and Rupert A. Pedrin for Respondents.

SULLIVAN, P. J.—The question for our determination in this case is whether the surviving wife and adult son, both at all times residents and nationals of Spain, of an employee who died as a result of an industrial injury sustained in California, are entitled to an award of death benefits where said deceased employee made no contributions to their support for at least twenty years before his injury and death. ▮ As we explain, *infra,* although both persons are eligible for the status of dependents on the basis of relationship, nevertheless since they were nonresident aliens at the time of the injury, the statutory conclusive presumption of total dependency cannot be applied in their favor and dependency must be determined in accordance with the facts. ▮ In such a case, a finding of dependency cannot be upheld on the mere basis of a legal obligation to furnish support where no actual contributions for support were made by the deceased for the above period of time. ▮ Finally, we point out that the benefits of the conclusive presumption of dependency are not preserved to decedent's wife and son by our existing treaty with Spain. We therefore must annul the award.

The facts are not in dispute. Juan Munoz Avila, a ranch hand employed by Brown and Pearson, a copartnership, sustained an injury on November 5, 1962 in a tractor accident arising out of and in the course of his employment and proximately causing his death the same day. The employer was insured for workmen's compensation liability by Industrial Indemnity Company, one of petitioners herein.

On July 10, 1963, Maria Carrion Lopez by Miguel A. Leite, attorney in fact, filed with respondent Industrial Accident Commission (now Workmen's Compensation Appeals Board)

an application for death benefits, alleging therein that applicant and Francisco Avila Carrion, wife and son of Juan Munoz Avila, were said decedent's surviving dependents.[1]

Decedent and Maria Lopez were married in Spain in 1927. Their son, Francisco Avila Carrion, was born in Spain in 1928. In that year, but before Francisco was born, Juan left Spain and came to the United States. He never returned to Spain.

At the hearing Mrs. Juan Rodriguez Carrion, mother of Maria, called as a witness by applicant, testified that Juan and Maria were married and had one child as above stated; that after Juan came to the United States he sent money home for the support of his wife and child; and that he did this for about seven or eight years but after that time sent no more money. Maria then went to work to support herself and the child and Mrs. Carrion also assisted them, not only while the latter was in Spain, but after she came to this country in 1959. According to the witness, Francisco had been in poor health since birth, had suffered from paralysis and "he does not see," was paralyzed in one of his arms and was unable to work.

Maria Carrion Ramos, decedent's niece, called as a witness by petitioners, testified that she had been living in the United States for nine years; that she knew Maria all her life while the witness lived in Spain; that she knew Francisco all her life while she was there, having last seen him about eleven years previously; that the latter "was never very strong," had infantile paralysis as a child; but that his physical appearance was "all right" and he was able to work. However he never worked "for gain" but "used to do some things. . . . He would get firewood and things like that." He had "a little default" in vision but did not use glasses. He was supported by his mother who worked. The witness further testified that Francisco had the same disability during his eighteen-month service in the army. She identified a photograph of Francisco, which was admitted in evidence, showing him in military uniform.

It was stipulated at the hearing: (1) That both the widow and son of decedent were nonresident aliens, being nationals of Spain; (2) that decedent had been in the United States continuously since 1928; and (3) that decedent made no contributions to the support of either his wife or his child for at least the last 20 years preceding his death.

---

[1] The application gave the address of both dependents as "Spain."

The commission issued findings and award determining among other things that the decedent ''Juan Munoz Avila left surviving him *wholly dependent* his wife, Maria Carrion Lopez and a son Francisco Avila Carrion, who are entitled to a death benefit in the sum of $17,500'' (italics added) and that the ''aforesaid death benefit should be apportioned equally between aforesaid widow and son of decedent.'' Award was made accordingly, providing for weekly payment of the benefits to each dependent. According to the rationale of the referee as disclosed by his report on decision[2] dependency in accordance with the facts as they existed at the time of the employee's injury was based on his *legal liability* for the support of his wife and incapacitated adult son, *regardless* of his long and continuous *failure to make actual contributions to* their support. After granting reconsideration on petitioners' application, the commission affirmed and adopted the previous findings and award as its decision after reconsideration. Examination of the opinion and decision after reconsideration discloses the following two bases for the commission's decision: (1) Assuming *arguendo* the validity of Labor Code section 3500[3] precluding the application of a conclusive presumption of dependency in favor of nonresident aliens, nevertheless the dependency status of decedent's wife and child was not lost by his failure to make contributions but properly rested on his liability under California law (Civ. Code, §§ 242, 244) to support them; and (2) independently of the foregoing, by virtue of the 1902 Treaty of Friendship and General Relations between the United States and Spain, the California statute (§ 3500) was not operative as to decedent's wife and son so as to preclude them from relying on the conclusive presumption of dependency (§ 3501). Petitioners contend before us that the award cannot be upheld on either basis.

Where the death of an employee proximately results from

---

[2]Such report stated in pertinent part: ''The facts of dependency as they existed at time of death of deceased employee herein show that he was legally liable for the support of his wife and a child who was blind, with a paralysis, rendering the son incapable of earning. Nothing has been shown which would release the deceased employee from his liability to support. With nothing more, the failure appears as desertion of those to whom the obligation extended. The liability is not rubbed out by failure of actual contributions. Otherwise a wrongful act would serve to bar a rightful claim.''

[3]Hereafter, unless otherwise indicated, all section references are to the Labor Code.

an industrial injury, the workmen's compensation law (§§ 3201-6002) provides for death benefits payable to his dependents (§§ 4700-4708). Generally speaking, the dependency of the claimant is the true basis of the right to recover such death benefits. (*Harlan* v. *Industrial Acc. Com.* (1924) 194 Cal. 352, 364 [228 P. 654]; *Rivieccio* v. *Bothan* (1946) 27 Cal.2d 621, 626-627 [165 P.2d 677].) Except in those cases where as prescribed by statute a wife or child are conclusively presumed to be wholly dependent upon the deceased employee (§ 3501),[4] "In all other cases, questions of entire or partial dependency and questions as to who are dependents and the extent of their dependency shall be determined in accordance with the facts as they exist at the time of the injury of the employee." (§ 3502; *Peterson* v. *Industrial Acc. Com.* (1922) 188 Cal. 15, 18 [204 P. 390]; *Hartford Acc. & Indem. Co.* v. *Industrial Acc. Com.* (1925) 197 Cal. 17, 18 [239 P. 330]; *Granell* v. *Industrial Acc. Com.* (1944) 25 Cal.2d 209, 211 [153 P.2d 358]; *Associated Indem. Corp.* v. *Industrial Acc. Com.* (1955) 132 Cal.App.2d 564, 566-567 [282 P.2d 519].) However, the conclusive presumption of total dependency does not apply in favor of nonresident aliens. (§ 3500.)[5]

The foregoing sections have been in the Labor Code without any change since its enactment in 1937. (Stats. 1937, ch. 90, p. 185 et seq.) They are based on substantially similar predecessor statutes found in the California workmen's compensation law since its original enactment under constitutional sanction (Cal. Const., art. XX, § 21) in 1913, except that provisions precluding application of the conclusive presumptions to nonresident aliens, have been in the law since 1919. (See Stats. 1913, ch. 176, § 19, pp. 289-290; Stats. 1915, ch. 607, § 7, pp. 1087-1088; Stats. 1917, ch. 586, § 14, p. 844; Stats. 1919, ch. 471, § 5, p. 917.)

In the instant case, Maria and Francisco are eligible on the basis of relationship to be considered dependents of the

---

[4]Section 3501 provides: "The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she was living at the time of his injury, or for whose support such husband was legally liable at the time of his injury. (b) A child under the age of 18 years or over that age but physically or mentally incapacitated from earning, upon the parent with whom he is living at the time of the injury or the parent or for whose maintenance the parent was legally liable at the time of injury, there being no surviving dependent parent."

[5]Section 3500 provides: "The presumptions of this article shall not apply in favor of aliens who are nonresidents of the United States at the time of injury."

deceased employee Juan Avila. (§ 3503;[6] see *Harlan* v. *Industrial Acc. Com., supra,* 194 Cal. 352, 357; 2 Hanna, The Law of Employee Injuries and Workmen's Compensation, 114, 119.) However, as nonresident aliens at the time of his injury, they were not entitled to the conclusive presumption of total dependency. (§ 3500.)[7] Dependency was therefore to be determined in accordance with the facts and without the assistance of the presumption. On this issue, as we have already pointed out, the evidence is without conflict.     While a finding of the commission as to the existence and extent of dependency will not be disturbed on review if supported by substantial evidence in the record, the award of a death benefit based on a finding of dependency will be annulled where the evidence without conflict shows no dependency whatsoever. (*Larsen* v. *Industrial Acc. Com.* (1950) 34 Cal.2d 772, 774-775 [215 P.2d 16].) In a word, we face the question whether the deceased employee's wife and son were dependents within the meaning of the workmen's compensation law where he made no contribution to their support for the last twenty years of his life.

     Generally speaking, a dependent is one who relies on another for support. (58 Am.Jur., Workmen's Compensation, § 162, p. 685.) Webster defines dependent as "One who is sustained by another, or who relies on another for support or favor." (Webster's New International Dictionary (2d ed. 1953); see also Webster's Third New International Dictionary (1963): "one relying on another for support"; see *State Comp. Ins. Fund.* v. *Industrial Acc. Com.* (1931) 112 Cal.App. 329, 331 [297 P. 38].) 1 Campbell on Workmen's Compensation (1935 ed.) section 863, pages 767-768 states: "Dependency is a present, existing relation between two persons where the one is sustained by, or relies on, the aid of the other for his means of living. This does not mean absolute dependency for the necessities of life, but rather that the dependent looks to

---

[6]Section 3503 in pertinent part provides: "No person is a dependent of any deceased employee unless in good faith a member of the family or household of the employee, or unless the person bears to the employee the relation of husband or wife, child, . . ."

[7]Although the commission affirmed the findings and award on the alternative basis that decedent's wife and child were entitled to the conclusive presumption of total dependency because of the treaty with Spain, it is noteworthy that applicant's counsel presented the claim on the theory that as nonresident aliens they were deprived of such presumption but that total dependency existed in fact because the decedent, having deserted his wife and child, nevertheless remained legally liable for their support. We discuss *infra* respondent commission's argument that the treaty preserves the conclusive presumption in this case.

and relies upon the contributions of the injured employee in whole or in part as a means of supporting and maintaining such dependent in accordance with his accustomed mode of life. Dependency within the meaning of the Act involves the idea of a present, current reliance upon the decedent for support.'' (See 2 Hanna, *op. cit.*, pp. 120-122; 2 Larson's Workmen's Compensation Law, § 63, pp. 101-106.)  Actual dependency as distinguished from presumptive dependency is measured by the amount of the employee's contribution actually devoted to the support of the dependent person. (2 Hanna, *op. cit., supra.*)  The true test of dependency in fact is not whether the dependent was compelled to rely upon the employee's contributions for the bare necessities of life but whether the dependent relied upon such contributions for support according to his or her accustomed mode of living. (*London Guar. & Acc. Co., Ltd.* v. *Industrial Acc. Com.* (1927) 203 Cal. 12, 16 [263 P. 196]; *London Guar. & Acc. Co., Ltd.* v. *Industrial Acc. Com.* (1943) 57 Cal.App.2d 616, 619-620 [135 P.2d 7]; 1 Campbell, *op. cit.*, p. 768; 2 Hanna, *op. cit.*, p. 121; 2 Larson, *op. cit., supra*; see generally 55 Cal.Jur.2d, Workmen's Compensation, § 62, pp. 98-99.)

While the legal liability of the deceased employee for the support of a wife or child is in some cases a condition precedent to establishing the *presumption* of total dependency (§ 3501, see fn. 4, *ante*), where dependency is to be determined *according to the facts* (§ 3502, *supra*), it is the general rule that the mere existence of legal liability or obligation to support will not of itself satisfy the requirement of actual dependency.[8] (1 Campbell, *op. cit.*, § 924, p. 810; 2 Larson, *op. cit.*,

---

[8] As previously mentioned the commission in its opinion on reconsideration, while assuming *arguendo* the validity of section 3500, declared (we say erroneously) that section 3502 ''does not limit the Commission to findings of dependency solely on facts showing contribution by decedent, but an inquiry can be made as to the status of the parties and legal consequences thereof according to the general law of the state.'' It thereupon upheld the finding of total dependency on a theory of the deceased employee's legal liability to support his wife and son which was grounded on the provisions of Civil Code sections 242, 241, subd. (d), and 244.

Civil Code § 242 provides: ''Every man shall support his wife, and his child; and his parent when in need. The duty imposed by this section shall be subject to the provisions of Sections 176, 196, and 206 of the Civil Code.''

Civil Code § 241, subd. (d) provides: '' 'Child' means a son or daughter under the age of 21 years and a *son* or daughter of *whatever age* who is *incapacitated* from earning a living and with sufficient means.'' (Italics added.)

Civil Code § 244 provides: ''An obligor present or resident in this State has the duty of support as defined in this title regardless of the presence or residence of the obligee.''

§§ 63.30-63.31, pp. 109-110; 58 Am.Jur., pp. 687-688.) This is in accordance with the basic philosophy of the workmen's compensation law which is that the death benefits represent compensation for *loss of support*. (*Spreckles S. Co.* v. *Industrial Acc. Com.* (1921) 186 Cal. 256, 258 [199 P. 8]; *Market St. Ry. Co.* v. *Industrial Acc. Com.* (1924) 193 Cal. 178, 181 [224 P. 95].) In *Spreckels, supra,* it was said: "The whole theory of the compensation act as to death cases is that the dependents of the employee killed through some hazard of his employment shall be compensated for the *loss of the support* they were receiving from him at the time of his injury." (Italics added.) In *Market Street Railway, supra,* the court again declared "the whole theory of the Compensation Act as to death cases to be that the dependents of the employee killed through some hazard of his employment shall be compensated for the *loss of the support they were receiving from him at the time of his injury*. This necessarily means that the death benefit must be computed upon the rate of contribution at that time." (Italics added.)

The California courts have consistently articulated the foregoing principles and repeatedly based dependency in fact on contributions for support actually made by the deceased employee to the dependent and relied upon by the latter rather than upon a mere legal obligation or liability to furnish support unaccompanied by any contributions. (*Moore S. Co.* v. *Industrial Acc. Com.* (1921) 185 Cal. 200, 204-206 [196 P. 257, 13 A.L.R. 676]; *Spreckels S. Co.* v. *Industrial Acc. Com., supra,* 186 Cal. 256, 258; *Peterson* v. *Industrial Acc. Com., supra,* 188 Cal. 15, 18; *Great Western Power Co.* v. *Industrial Acc. Com.* (1923) 191 Cal. 724, 730, 739 [218 P. 1009]; *Market St. Ry. Co.* v. *Industrial Acc. Com., supra,* 193 Cal. 178, 181; *Great Western Power Co.* v. *Industrial Acc. Com.* (1925) 196 Cal. 593, 599 [238 P. 662]; *Hartford Acc. & Indem. Co.* v. *Industrial Acc. Com., supra,* 197 Cal. 17, 19; *Pacific etc. Co.* v. *Industrial Acc. Com.* (1928) 204 Cal. 427, 429-430 [268 P. 633]; *Granell* v. *Industrial Acc. Com., supra,* 25 Cal.2d 209, 211-214; *Larsen* v. *Industrial Acc. Com., supra,* 34 Cal.2d 772, 774-775; *Owl Drug Co.* v. *Industrial Acc. Com.* (1925) 71 Cal.App. 303, 306-307 [234 P. 921]; *Hammond Lumber Co.* v. *Industrial Acc. Com.* (1925) 71 Cal.App. 320, 322-323 [234 P. 915]; *Ocean Acc. & Guar. Corp.* v. *Industrial Acc. Com.* (1928) 88 Cal.App. 369, 371 [263 P. 823]; *State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 112 Cal.App. 329, 331-

332; *La Fountain* v. *Industrial Acc. Com.* (1936) 13 Cal.App. 2d 130, 133 [56 P.2d 257]; *Tuttle* v. *Industrial Acc. Com.* (1939) 31 Cal.App.2d 279, 280-282 [87 P.2d 881]; *London Guar. & Acc. Co., Ltd.* v. *Industrial Acc. Com., supra,* 57 Cal.App.2d 616, 618-619.) No decision of the Supreme Court or of a District Court of Appeal has been cited or found holding that the mere legal obligation to furnish support is sufficient of itself to establish actual dependency.

Respondent commission, though obviously aware of the above decisions,[9] has not undertaken to show their inapplicability. Instead, it has been content to rely almost entirely on its own opinion and decision after reconsideration. This *ipse dixit* approach to the problem at hand does not impress us. At oral argument and in a brief subsequently filed, counsel for the commission urged us to re-evaluate the dependency concept and to "define dependency in fact to include a legal right of support." For this thesis respondent cites *State* ex rel. *Wright* v. *Industrial Com.* (1943) 141 Ohio St. 187 [47 N.E.2d 209]. No useful purpose would be served by discussing the case. We are mystified as to why the commission ignores abundant California authority for this excursion into a foreign jurisdiction. Even were we at liberty to do so, we decline respondent's invitation to fashion new rules of dependency.

Applying the foregoing principles to the instant case, we note that on the uncontradicted evidence in the record and under the stipulations entered into by the parties, the deceased employee Avila made no contributions whatsoever to the support of his wife and son at any time during the last twenty years of his life. We must therefore conclude, however reluctantly we may do so, that these two persons were not established to be his dependents either totally or partially within the meaning of the workmen's compensation law and that the finding of dependency cannot be upheld.

We now turn to respondents' contention that by virtue of the 1902 Treaty of Friendship and General Relations between the United States and Spain (Malloy's Treaties, Conventions, etc. 1701-1710)[10] section 3500 is not applicable to Maria and Francisco as Spanish subjects and therefore is not effective to withhold from them the benefit of the conclusive

---

[9]Petitioner has cited several of them.

[10]The 1902 treaty is still in effect. It can be found at 33 Stat. 2105. Articles XXIII and XXIV were partially abrogated by the United States, effective July 1, 1916, in accordance with the Seamen's Act, 38 Stat. 1164.

presumption of total dependency provided for by section 3501 (see fn. 4, *ante*). The commission predicates this argument on article VI of the Treaty set forth in the footnote.[11]

We are satisfied that the article in question does not effectuate what respondent claims for it. It is obvious of course that it does not mention the subject of workmen's compensation. The first sentence provides in effect that Spanish subjects shall have free access to all American courts "on conforming to the laws regulating the matter." We discern nothing therein manifesting an intention to exempt the subjects of either contracting party from the laws of the other affecting foreigners. Nor is it stated that, in respect to access to the courts, the subjects of the one country shall enjoy the same laws as the subjects of the other. Indeed the implication is to the contrary, since free access to the courts is granted "on conforming to the laws regulating the matter." Nor does the second sentence of article VI help respondents for its scope is limited to representations by lawyers, arrest of persons, seizure of property and domiciliary visits. Within this circumscribed area, Spanish subjects shall receive the same rights and advantages as citizens or subjects of the "most favored Nation." Even if this embraced the California statute here involved, which we do not concede, respondents do not claim that any favored nation enjoys exemption from section 3500 which incidentally operates impartially as to all nonresident aliens.

The award is annulled.

Molinari, J., and Sims, J., concurred.

The petition of respondent Industrial Accident Commission for a hearing by the Supreme Court was denied September 28, 1966.

---

[11]Article VI provides: "The citizens or subjects of each of the two High Contracting Parties shall have free access to the Courts of the other, on conforming to the laws regulating the matter, as well for the prosecution as for the defense of their rights, in all the degrees of jurisdiction established by law. They can be represented by lawyers, and they shall enjoy, in this respect and in what concerns arrest of persons, seizure of property and domiciliary visits to their houses, manufactories, stores, warehouses, etc., the same rights and the same advantages which are or shall be granted to the citizens or subjects of the most favored Nation."