Carroll,
July 9, 1951. }  No. 4050.

RALPH M. COLBY & a. v. FRED VARNEY & a.

132

*William H. Sleeper* and *Robert Shaw* and *Wayne J. Mullavey*
(*Mr. Mullavey* orally), for the plaintiffs.

*Eliot U. Wyman* (by brief and orally), for the defendants.

DUNCAN, J.   Section 20 of chapter 266, Laws 1947 provides for
the payment of benefits to the dependent or dependents of a de-
ceased employee as previously defined in the Act in cases where
death results from compensable injury.   Section 2 VII, defines de-
pendents as follows: "Dependents, shall mean the employee's . . .
parents . . . who were wholly or partially dependent in fact upon
the earnings of the employee for support at the time of the injury."
The rationale of the decision made below is indicated by the fol-
lowing findings and rulings: "If a son, from his earnings, contributed
to the support of his parents' household more than the fair cost of
his own support in that household, his parents would then be in
a position to claim that they were at least partially dependent on
his 'earnings' for their support.   If a son contributed no more of his
earnings than would pay the fair cost of his own support, the parents
can not be said to be dependent on his earnings for their support.
In this case there is no evidence on which the Court can find that
Walter Colby contributed to his parents' household from his earnings
more than the fair cost of his own support in that household.   The
Court finds that at the time of Walter's death on August 11, 1948,
neither of the plaintiffs were either wholly or partially dependent
in fact upon the earnings of their son Walter for their support."

Undoubtedly authority can be found in the decisions for the view that where contributions by a wage earner to the household in which he lives are less than the cost of his own support, other members of the household cannot be found dependent upon his earnings, so as to be entitled to workmen's compensation benefits. See 9 Schneider, Workmen's Compensation, Text, 5. It is also true that under our workmen's compensation law, dependency upon the earnings of a deceased workman for support determines the right of his parents to compensation.

We are of the opinion however that the Trial Court in this case took a more narrow view of the evidence than the statute requires. Under the present act, as under the former one, the fundamental test of dependency is that of "reliance [upon earnings] for means of living." *Lapoint* v. *Winn,* 81 N. H. 357, 359. As was said in *Powers* v. *Company,* 89 Conn. 143, 152, cited in *Lapoint* v. *Winn, supra,* "the test is, whether the contributions were relied upon by the dependent for his or her means of living, judging this by the class and position in life of the dependent." See also, *O'Dea* v. *Chicago Bridge & Iron Works,* 119 Conn. 37.

But in determining whether the plaintiffs were dependent upon the earnings of the decedent for support, the statute does not require that contributions out of earnings alone shall be considered. Were the plaintiffs in fact dependent upon those earnings is the question. It must be answered upon the evidence as a whole. In weighing against the cost of the decedent's support the value of his contributions to the household, contributions other than from earnings may be considered.

The Court found that beside contributing from his earnings to the operation of his parents' household, the decedent "did a considerable amount of work around the house" for his mother, for which she had required "some outside help" before 1948; and that he also prepared wood for fuel, tended fires, shoveled snow, and mowed the lawn, "work [which] would [otherwise] have gone without doing or someone would have had to be hired to do it." Obviously these were contributions of value to the plaintiffs, which could be found to have permitted use of the father's earnings for other purposes. As the plaintiffs suggested by their seventh request for rulings and findings and by their motion to set aside the decree, these contributions might have been considered by the Court as a proper offset against benefits received by the decedent as a member of the household. Together with his contributions out of

earnings, they could fairly be found of sufficient value to exceed the cost of his support, although such a finding was not compelled.

It was unnecessary to find that the decedent contributed more than the fair cost of his support "from his earnings" alone. In ruling that this was a prerequisite to a finding of partial dependency, we think that the Trial Court was in error. The evidence was sufficient if it warranted a finding that contributions from earnings represented some net benefit to the plaintiffs, upon which they relied in part for their support.

In determining whether dependency in fact existed, regard may be had as much to the way of life disclosed by the evidence as to a mathematical balancing of accounts. In *Wills* v. *State Compensation Commissioner*, 114 W. Va. 822, the court was called upon to construe a statute which provided benefits for parents "dependent in whole or part for . . . support upon the earnings of the employee." (Code W. Va. 1931 23-4-10 (g)). In setting aside a finding that no partial dependency existed, the court said: "Dependency should not be determined by a mathematical balancing of accounts. . . . In such situation the true test of partial dependency is whether the mother regularly received from the son's wages a part of her support, and whether there was ground for reasonable expectation on her part that the son would continue to contribute to her maintenance. . . . It must . . . be considered that his contributions made it possible for her to set up and maintain the household in such manner that she could furnish him board and lodging of the character received. And then too, where . . . the contributions of the son are lost, it may very readily come about that the mother may have to adopt a far more restricted basis of domestic life." *Ib.*, 824, 825.

The finding that the plaintiffs were not partially dependent, taken in its context, appears to have been made because of a misapprehension as to the requirements of the Act, and upon the supposition that it was compelled as a matter of law. Under the circumstances, the case must be remanded. "In this situation the appropriate precedure is to return the case to the superior court for an order, or for amendment. . . . If the court did not exercise its discretion and make a finding upon the issue . . . , the defendant is entitled to a new trial" (*Gerry* v. *Neugebauer*, 83 N. H. 23, 27); "the extent of which is for the trial court to determine." *Vallee* v. *Company*, 89 N. H. 285, 291. If discretion was in fact exercised, that is, if the finding was not made because considered to be re-

quired under the act as a matter of law, the findings should be amended to so indicate, and the decree may stand.

*Case discharged.*

All concurred.