In the Matter of the Claim of FRANCES SCHECHTER, Respondent-Appellant, *v.* STATE INSURANCE FUND, Appellant-Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 7, 1966.

*Joseph M. Soviero* and *Bernard F. Farley* for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Abraham Markhoff* for claimant-respondent-appellant.

HERLIHY, J. The employer appeals from an award of death benefits to the widow and the claimant appeals from a denial of benefits to decedent's stepson.

The decedent, following a heart attack, received workmen's compensation benefits. (See 6 N Y 2d 506.)

He died in 1963 and the doctor who attended him from the date of the accident until his death testified that as a result of the original heart attack, he suffered damage to the myocardium and that while he also suffered from a gradual progressive heart condition "the previous infarct had a good deal to do with bringing this on much sooner than otherwise would have been brought". On cross-examination, with reference to arteriosclerosis, the doctor stated: "Unquestionably that was a factor, but he slipped more rapidly because you started with a heart that had an enlarged infarct before and we have frequently infarcts getting larger in the heart. Often we cannot explain for it, but you do get it." There was medical testimony offered by the employer of no causal relationship but from the conflicting testimony, the board elected to accept that offered by the claimant of relationship and which we find to be substantial.

The claimant appeals from a denial of benefits to decedent's stepson.

Subsequent to the original heart attack the decedent, a widower, married the claimant, a divorcee, who had been awarded the sole custody of her 10-year-old son Lewis, referred to herein as the stepson, and who lived with his mother and the decedent from the date of the marriage until the death of the decedent, who supported the said child. The board in denying benefits stated "that the decedent's stepson was not dependent upon the decedent at the time of the accident, since the accident occurred prior to marriage. Section 16, subdivision 5 of the Workmen's Compensation Law mandates that all questions of dependency shall be determined as of the time of the accident. The Board also finds that the stepson is not entitled to death benefits."

A child need not be dependent to be entitled to benefits under subdivision 2 of section 16 (*Matter of Shulman* v. *New York Board of Fire Underwriters,* 15 A D 2d 700; *Matter of Crockett* v. *International Ry. Co.,* 176 App. Div. 45). If this infant claimant is a " child ", it is immaterial whether or not he was dependent at the time of the accident, and he would therefore be immune to the application of subdivision 5 of section 16. Subdivision 11 of section 2 defines " child " to " include a posthumous child, a child legally adopted prior to the injury of the employee; and a step-child or acknowledged illegitimate child dependent upon the deceased." There being no question but that this infant was dependent upon deceased, we conclude that he comes within the statutory definition and is a child of deceased. His status as a child thus having been established, there is no need to reach subdivision 5 of section 16 to determine the time at which the dependency might have started.

The decision should be affirmed as respects the award to the claimant widow, and reversed in respect of the benefits to decedent's stepson, and remitted to the board for consideration thereof not inconsistent herewith, with one bill of costs to the respondent Workmen's Compensation Board and to claimant-appellant.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision affirmed as respects the award to claimant widow, and reversed in respect of the denial of benefits to decedent's stepson, and remitted to the board for consideration thereof not inconsistent with the opinion herein, with one bill of costs to the respondent Workmen's Compensation Board and to claimant-appellant.