Justin A. JOHNSON and Ruth A. Johnson, Dependents of David E. Johnson, Deceased, Appellants,

v.

OHIO VALLEY FORGING COMPANY, et al., Appellees.

Court of Appeals of Kentucky.

May 7, 1971.

Rehearing Denied Oct. 29, 1971.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellants.

Ronald M. Sullivan, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellees.

STEINFELD, Judge.

David E. Johnson, the 19-year-old son of appellants, Justin and Ruth Johnson, was killed on December 9, 1969, in an employment-connected accident. His parents claimed benefits under the provisions of the Workmen's Compensation Law on the basis of their being partially dependent on David. The board dismissed the claim finding no dependency and the circuit court affirmed on appeal. The parents have appealed from the judgment. We affirm.

This litigation is controlled by the meaning of KRS 342.070(2) (b) which provides in pertinent part:

"Partial dependency shall be determined by the proportion of the earnings of the employe which have been contributed to such partial dependent during one year next preceding the date of injury, * *".

Justin Johnson is a 56-year-old farmer, and Ruth Johnson is a 50-year-old farm housewife. The proof showed that Mr. Johnson was not in good health and that the family had become dependent upon David, who lived with them, for the performance of many chores and labor about the farm.

David graduated from high school in June 1968 and promptly secured employment with appellee, Ohio Valley Forging Company. During the year preceding his death he earned from that company $2,459.31 and from other jobs as a painter and carpenter $1,112.31. The father estimated that during that year David worked not less than 764 hours on the farm. He did not pay any wages to David and David contributed none of his earnings to his parents.

The board reasoned that " * * * since David contributed none of his earnings to his father or mother, they were not dependent upon him within the meaning of the statute." Appellant with commendable candor admits the similarity of Miller v. Elkhorn Coal Corp., 284 Ky. 737, 145 S.W.2d 822 (1940), with the case now before us. In Miller this court made an extensive analysis of the meaning of the controlling statute and concluded that to establish dependency contributions from earnings during the year preceding the injury must be shown and that services performed for the dependents may not be considered. Also see Vogt & Conant Co. v. Boelhauf,

Ky., 317 S.W.2d 163 (1958). Appellants contend that we " * * * erred by not construing earnings as used in the Workmen's Compensation Act to engulf the work performed by the decedent on his father's farm as part of his earnings." They urge us to follow Colby v. Varney, 97 N.H. 130, 82 A.2d 604 (1951), mentioned in Larson's Workmen's Compensation, Vol. 2, pages 134.2–134.3. Larson in analyzing Colby wrote:

"Thus, the New Hampshire court ruled that the lower court erred when it only considered the cash payments of the deceased to his parents and did not include in his contributions tasks performed by him, such as shoveling snow, mowing the lawn, and preparing the wood for the fire, which otherwise would have had to be done by some outside help."

In 99 C.J.S. Workmen's Compensation § 134, p. 456 it is said:

"Also, the question of dependency is not affected by whether the contribution was in the form of money or food or clothing or in the use of property belonging to the employee, or in labor, or in services rendered about the home."

The statute in the Colby case did not limit benefits to those who had received contributions from the earnings of the employee as does our statute. Apparently the cases supporting the text in C.J.S. did not involve statutes placing that limitation. Our Miller case is not referred to. Because of the clear language of KRS 342.070(2)(b) the law of other states above mentioned may not be followed. In Ireland v. Liberty Mutual Insurance Co., Ky., 462 S.W.2d 903 (1971), an adult son contributed money to his parents but only enough to cover the expense of that which the parents provided for him. We affirmed the disallowance of the parents' claim for benefits. Our holding in Miller v. Elkhorn Coal Corp., supra, is again approved.

The judgment is affirmed.

All concur.