[Civ. No. 28181. First Dist., Div. One. Dec. 29, 1971.]

MARCOS A. VELA, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
JOHNS-MANVILLE PRODUCTS CORPORATION, Respondents.

514

**COUNSEL**

Marcus & Ury and Maurice S. Marcus for Petitioner.

Rupert A. Pedrin, Jon L. Gateley and Marcel L. Gunther for Respondents.

## OPINION

**MOLINARI, P. J.**—In this proceeding a writ of review has been issued for the purpose of reviewing the appeals board's decision that petitioner's admittedly industrially caused asbestosis caused no temporary disability, and for the purpose of determining whether the provision in said decision that petitioner is entitled to medical treatment for the asbestosis requires that his employer pay for the medical treatment for petitioner's nonindustrial rheumatoid arthritis on the basis that the asbestosis has made it more difficult to treat the arthritis.

Petitioner filed an application for adjudication of his claim alleging that he had suffered a cumulative industrial injury to his lungs while employed as a machine tender (asbestos shingle machine) by the Johns-Manville Products Corporation for a period of 33 years from 1935 to August 12, 1968. The injury was shown to be asbestosis, a species of the genus pneumoconiosis, which is a chronic disease of the lungs caused by the inhalation of large quantities of dust. The referee, in findings adopted by the appeals board (hereinafter "the Board"), found that petitioner contracted asbestosis as a result of having inhaled asbestos dust during the 33 years of his employment. This finding has not been challenged.

The record discloses that petitioner left his employment with Johns-Manville because he was suffering from rheumatoid arthritis. He was 50 years old at that time. Neither petitioner nor his treating physicians were aware of the presence of asbestosis at the time petitioner left his employment. The diagnosis of abestosis was made after petitioner was hospitalized and treated for his arthritis. For some three or four years prior to his admission to the hospital on August 13, 1968, petitioner had suffered from and been treated for multiple painful joints. These joints involved the cervical spine, the temporal mandibular joints, the shoulders, elbows, wrists, hands, hips, knees and ankles. Prior to his hospitalization he had experienced much swelling of the joints, pain on motion, limitation of motion and generalized atrophy.

The principal issues before the referee and the Board were (1) whether petitioner was disabled by the nonindustrially caused rheumatoid arthritis as well as by the industrially caused asbestosis as to entitle him to temporary disability for the industrially caused condition when the latter condition existed before he stopped work because of the nonindustrial condition; and (2) whether the industrial injury caused, aggravated or accelerated the nonindustrial condition thereby making the employer responsible for the treatment of both the industrial and nonindustrial conditions. In dealing

with these issues the referee and the Board were confronted with conflicting medical testimony which we summarize below.

Dr. Roger Wilson, called as a witness for petitioner, testified that asbestosis is never stationary and will inexorably progress; that the rheumatoid arthritis to the degree suffered by petitioner is disabling; that his inability to work is due to his arthritis; that petitioner was only able to do "bench work"; that if dust were present he would exclude him from working; that the lung condition and the arthritis are mutually independent; that the lung condition was not accelerated as a result of the arthritis; and that it is difficult to say what disability petitioner may have as a result of the lung condition.

Dr. William C. Kuzell, called by petitioner, testified that asbestosis is progressive; that there is no treatment for it; that the progress of asbestosis affects the rheumatoid condition; that one method of treating the rheumatoid condition is by physical exercise, but that petitioner was unable to exercise because of shortness of breath resulting from the asbestosis; and that petitioner was very limited in his ability to work.

Another witness for petitioner, Dr. Harlan Watkins, Jr., testified that petitioner's arthritis had improved to a considerable degree since he was hospitalized for that condition; that the lung disease had progressed; that petitioner would be severely disabled by the lung disease even if the arthritis did not exist; that petitioner was unable to do anything involving physical effort and that he had shortness of breath even at rest; that when petitioner came to him for treatment he was totally disabled by the arthritis; that any patient with rheumatoid arthritis is much more susceptible to pneumoconiosis; and that any progressive debilitating disease can aggravate the arthritis.

Dr. Ephraim Engleman, called by the employer, testified that petitioner had a pulmonary condition consisting of asbestosis or pneumoconiosis and that while he was ambulatory it was quite apparent that he was disabled; that petitioner is suffering from this disease as well as from rheumatoid arthritis; that the rheumatoid arthritis was not aggravated nor exacerbated in any way by the lung condition; that he could not give an opinion as to the disability petitioner would suffer because of the lung condition if he did not also have arthritis; that if petitioner did not have the lung condition he would recommend a period of extended rest along with directed physical exercise as part of the treatment for the arthritis; and that he could not state what the result would be if that course of treatment were not followed.

The report of Dr. H. Corwin Hinshaw, admitted in evidence on behalf

of the employer, states that the pulmonary condition has not progressed since an examination made approximately three months previously; that petitioner could be performing his usual duties if it were not for his rheumatoid arthritis; that the arthritis has not affected his pulmonary condition; and that the pulmonary condition has not caused or aggravated petitioner's rheumatoid arthritis.

The referee determined that based on the medical record petitioner sustained a compensable injury consisting of pulmonary asbestosis as a result of his employment; that petitioner became disabled as a result of rheumatoid arthritis which is not related to his employment either causally or by way of aggravation; that he is totally disabled as a result of the arthritis and that therefore, the industrial injury has not caused compensable loss of time from work; that petitioner's lung condition is not stationary and permanent at this time; and that, therefore, the issue of permanent disability is deferred. The referee also found that petitioner was entitled to further medical treatment to cure or relieve him from the effects of the asbestosis. Petitioner filed a petition for reconsideration which was denied by the Board.

Petitioner argues that when an employee, who while disabled because of a nonindustrial condition, is also found to be disabled by an industrially caused condition, the injured employee is entitled to temporary disability indemnity for the industrially caused condition when the same existed before he stopped work because of the nonindustrial condition. He further contends that there is substantial evidence on the basis of the entire record to indicate that at the time he stopped working he was also disabled because of his industrially caused condition. The Board contends that its decision is within its powers and is supported by substantial evidence.

■ Before reaching the merits of these respective contentions we reiterate the substantial evidence standard which applies in the judicial review of the evidence in workmen's compensation cases. That standard is that we must review the *entire* record to determine whether the Board's conclusion was supported by substantial evidence. (*Le Vesque* v. *Workmen's Comp. App. Bd.*, 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432]; *Garza* v. *Workmen's Comp. App. Bd.*, 3 Cal.3d 312, 317 [90 Cal. Rptr. 355, 475 P.2d 451]; see Lab. Code, § 5952.[1]) This standard means that "the test of substantiality must be measured on the basis of the entire record, rather than by simply isolating evidence which supports the board and ignoring other relevant facts of record which rebut or explain

---

[1]Labor Code section 5952 provides: "The review by the court shall not be extended further than to determine, based upon the entire record . . . whether: . . . (d) The order, decision, or award was not supported by substantial evidence."

that evidence." (*Garza* v. *Workmen's Comp. App. Bd., supra,* at p. 317; *Le Vesque* v. *Workmen's Comp. App. Bd. supra,* at pp. 638-639, fn. 22.)

█ We also observe that a referee's findings of fact in a workmen's compensation proceeding are not binding on the Workmen's Compensation Appeals Board and that it may reach a different conclusion on an independent examination of the evidence produced at the hearing conducted by the referee, even where the evidence is conflicting. (*Garza* v. *Workmen's Comp. App. Bd., supra,* 3 Cal.3d 312, 319.) A corollary to this general rule is the rule that where such findings are supported by substantial evidence they are entitled to great weight because of the referee's opportunity to observe the demeanor of the witnesses and weigh their statements in connection with the matter on the stand. (*Garza* v. *Workmen's Comp. App. Bd., supra.*) However, both the referee and the appeals board "must accept as true the intended meaning of [evidence] both uncontradicted and unimpeached." (*McAllister* v. *Workmen's Comp. App. Bd.,* 69 Cal.2d 408, 413 [71 Cal.Rptr. 697, 445 P.2d 313; *Le Vesque* v. *Workmen's Comp. App. Bd., supra,* 1 Cal.3d 627, 639.)

█ With respect to the medical opinion of experts, we observe the accepted rule that the relevant and considered opinion of one physician, though inconsistent with other medical opinion, may constitute substantial evidence. (*Smith* v. *Workmen's Comp. App. Bd.,* 71 Cal.2d 588, 592 [78 Cal.Rptr. 718, 455 P.2d 822]; *Place* v. *Workmen's Comp. App. Bd.,* 3 Cal.3d 372, 378 [90 Cal.Rptr. 424, 475 P.2d 656].) However, as observed in *Place,* "Expert medical opinion, . . . does not always constitute substantial evidence on which the board may rest its decision. Courts have held that the board may not rely on medical reports which it knows to be erroneous [citation], upon reports which are no longer germane [citation], or upon reports based upon inadequate medical history or examinations [citations]. . . . [¶] An expert opinion is also insufficient to support a board determination when that opinion is based on surmise, speculation, conjecture, or guess. [Citations.]" (At p. 378.) It is also the rule that "an expert's opinion which does not rest upon relevant facts or which assumes an incorrect legal theory cannot constitute substantial evidence. . . ." (*Zemke* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 794, 798 [68 Cal.Rptr. 88, 441 P.2d 928]; *Place* v. *Workmen's Comp. App. Bd., supra.*)

█ Applying these principles to the instant case we have concluded that the Board and the referee had substantial evidence in determining that petitioner was not suffering from a temporary disability which would have entitled him to temporary disability compensation. Dr. Wilson, testifying on behalf of petitioner, stated that petitioner's inability to work was due to

the arthritis, and that the two ailments were mutually independent. Dr. Hinshaw testified similarly in stating that petitioner could perform the duties of his employment, were it not for the arthritis. He also testified that the arthritis has not affected the pulmonary condition and that the latter condition has not caused or aggravated petitioner's arthritis. Although this testimony was contradicted to some extent by Doctors Kuzell, Watkins and Engleman, it was not such as to discredit the testimony of Doctors Wilson and Hinshaw and was not such as to render their testimony insubstantial. Dr. Kuzell stated that the asbestosis affects the arthritis, and that the arthritis could be treated by exercise but that petitioner could not exercise because of shortness of breath resulting from the asbestosis. Dr. Engleman, although agreeing with Doctors Wilson and Hinshaw that the arthritis did not aggravate or exacerbate the lung condition, seems to agree with Dr. Kuzell that if petitioner did not have the lung disease his arthritis could be treated by physical exercise. Dr. Watkins, although conceding that petitioner was totally disabled by the arthritis, stated that petitioner was severely disabled by the lung disease, even if the arthritis did not exist, and that he was more susceptible to the asbestosis because of the arthritis.

The referee's findings were supported by ample credible evidence which, measured on the basis of the record, constituted substantial evidence under the rule articulated in *Le Vesque* and *Garza*. The Board apparently gave these findings the great weight to which they were thus entitled.

■ We turn now to petitioner's claim that his employer should provide him with medical treatment for the nonindustrial arthritis condition as well as for the industrial asbestosis condition. This claim is based on the contention that the asbestosis interferes with the treatment for the arthritis. In this connection we observe that the referee found that petitioner is in need of further medical treatment to cure or relieve him from the effects of the asbestosis and made an award for such medical treatment.

In considering petitioner's contention we observe that in *State Comp. Ins. Fund* v. *Ind. Acc. Com.*, 176 Cal.App.2d 10 [1 Cal.Rptr. 73], an award of compensation for a carpenter's loss of a finger in using his power saw at home after sustaining a prior industrial injury to his eye was upheld on the basis that substantial evidence supported the finding of the Commission (now the Board) that the injury to the eye proximately caused the loss of the finger. In so holding the appellate court took cognizance of the principle that under the broader concept of causation under compensation law the prior industrial injury was not required to be the exclusive cause of the second nonindustrial injury but only a contributing factor to it. (At pp. 18-20.)

In the instant case, as pointed out above, there was substantial evidence that the industrial and nonindustrial conditions are mutually independent and separate, and that the asbestosis has no causative or aggravational effect on the arthritis. The record does contain unrefuted testimony, however, that the asbestosis interferes in some degree with the *treatment* of the arthritis. This testimony is to the effect that one method of treating arthritis is physical exercise but that this method cannot be utilized with respect to petitioner because of the asbestosis condition. The record also indicates that there are other methods available for the treatment of the arthritis condition and that these methods were being utilized in petitioner's treatment. The referee made no finding as to whether the asbestosis is a contributing factor to the treatment for the arthritis. Under the state of the record the evidence is susceptible to a finding that the arthritis could be more readily relieved or alleviated by the physical exercise treatment and that as a result of such treatment petitioner could return to his employment sooner if such treatment could be administered. It is also susceptible to a finding that the other methods being used to treat the arthritis are just as efficacious as the physical exercise method. Accordingly, in view of the state of the record, the referee should have made a specific finding in this regard, and a remand for this purpose is in order. .

Petitioner also contends that the Board, by adopting and incorporating the referee's report, failed to comply with section 5908.5 of the Labor Code which requires *inter alia* that any decision denying reconsideration "shall state the evidence relied upon . . . ." It is well settled that the Board fulfills its duty when it incorporates and adopts the referee's report on reconsideration, as it did here, provided, however, that the referee's report itself satisfies the requirements of substantial evidence and the statute. (See *Gaiera* v. *Workmen's Comp. App. Bd.*, 271 Cal.App.2d 246, 248 [76 Cal.Rptr. 656]; *Le Vesque* v. *Workmen's Comp. App. Bd., supra,* 1 Cal.3d 627, 635.) In the present case section 5908.5 has been complied with on the issue of temporary disability, but has not been compiled with respecting the issue of further medical treatment, to the extent above indicated, since no finding was made by the referee as to whether the asbestosis interferes with the treatment for the arthritis.

The decision of the Board is annulled and the cause remanded to the Board for proceedings consistent with the views expressed herein.

Sims, J., and Elkington, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 23, 1972. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.