WEST v BARTON-MALOW COMPANY

1. WORKMEN'S COMPENSATION—DEPENDENTS—FAMILY RELATIONSHIP—
   MORAL TURPITUDE.

   There must exist a condition devoid of moral turpitude in order
   to create a family relationship entitling a dependent to work-
   men's compensation benefits under provisions of the Work-
   men's Compensation Act providing benefits for dependents of a
   deceased employee (1948 CL 412.6, 418.331, 418.353).

2. WORKMEN'S COMPENSATION—DEPENDENTS—WIDOW—FAMILY RELA-
   TIONSHIP—MERETRICIOUS COHABITATION—PUBLIC POLICY.

   A woman who was married to another and not divorced and with
   whom a deceased employee had lived before his death did not
   bear the relation of widow within the meaning of the Work-
   men's Compensation Act, notwithstanding it appears she had
   held herself out as the wife of the deceased and had relied on
   him for support; public policy does not sanction the payment of
   compensation arising out of meretricious cohabitation (1948 CL
   412.6, 418.331, 418.353).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 October 10, 1973, at
Detroit. (Docket No. 15850.) Decided November 2,
1973. Leave to appeal granted, 391 Mich 797.

Application by Alzalee West for hearing and
adjustment of a claim for workmen's compensation
benefits against her deceased husband's employer,
Barton-Malow Company, and the Michigan Mutual
Liability Company. Benefits denied. Plaintiff ap-
peals on leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 162 *et seq.*
   "Dependency" within workmen's compensation act, 86 ALR 865.
[2] 58 Am Jur, Workmen's Compensation § 172.

*Kelman, Loria, Downing & Schneider* (by *Rodger G. Will),* for plaintiff.

*Le Vasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp),* for defendants.

Before: Lesinski, C. J., and R. B. Burns and Quinn, JJ.

Quinn, J. The Workmen's Compensation Appeal Board denied plaintiff benefits on a finding that she was not the lawful wife of deceased nor a dependent by virtue of being a member of his family. On leave granted, plaintiff appeals.

Plaintiff married Robert Broadnax at Austin, Texas in either 1939 or 1943. Sometime thereafter she left Texas and moved to Los Angeles, California, where she remained until 1946. Thereafter she came to Detroit, and in 1954, she began living with Clarence West although she was still married to Broadnax.

Plaintiff held herself out as the wife of West and relied on him for support. She was not divorced from Broadnax at the time of West's death, January 9, 1967. This death resulted from an injury of December 14, 1966 sustained while West was employed by Barton-Malow Company.

Plaintiff's petition to the Workmen's Compensation Commission for hearing was heard October 25, 1967 and denied. On her application for review, the appeal board remanded the case to the referee for the submission of proofs as to whether or not West's death arose out of and in the course of his employment. The referee's decision on remand issued May 12, 1969 and determined that the death arose out of and in the course of employment but that plaintiff was not a dependent within the meaning of the Workmen's Compensation Act.

May 15, 1969, plaintiff applied for review of the claim by the Workmen's Compensation Appeal Board. November 10, 1972, the appeal board affirmed the referee, and this appeal followed.

In citing the statute defining dependency, plaintiff has referred to 1948 CL 418.353; MSA 17.237(353). This section is contained in the 1969 Workmen's Compensation Act, effective December 31, 1969. While the language quoted from the 1969 act is quite similar to its predecessor, 1948 CL 412.6; MSA 17.156, the latter citation is appropriate for this case.

Both citations contain the following language:

"No person shall be considered a dependent unless he or she is a member of the family of the deceased employee, or unless such person bears to said deceased employee the relation of husband or widow, or lineal descendent, or ancestor, or brother or sister."[1]

In interpreting this language, the Supreme Court said in *McDonald v Kelly Coal Co,* 335 Mich 325, 330; 55 NW2d 851, 853 (1952):

"We are of the opinion that in order to create a family relationship there must exist a condition devoid of moral turpitude. * * * Public policy does not sanction the payment of compensation arising out of meretricious cohabitation."

*McDonald* controls this case.

Affirmed with costs to defendants.

All concurred.

---

[1] The only substantial difference in the language is that the 1969 act substituted *injured* for *deceased.* Actually the proper statute for determining dependents of deceased employees is 1948 CL 418.331; MSA 17.237(331). The method for determining dependency in this statute is identical to that quoted above.