[Civ. No. 14637. Fourth Dist., Div. One. Jan. 26, 1976.]

ESTHER VILLA DE MENDOZA et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD,
JESUS AYALA CONTRACTING et al., Respondents.

**COUNSEL**

Moreno & Carriedo, Albert F. Moreno, Katz & Rosenfeld and Robert D. Katz for Petitioners.

Charles L. Swezey, Philip Miyamoto, Thomas J. McBirnie, Jones, Tellam, Irving & Estes and John W. Mullen for Respondent.

**OPINION**

**COLOGNE, J.**—Esther Villa de Mendoza individually and as guardian ad litem of her five living children, seeks review of a decision and order of the Workers' Compensation Appeals Board (Board) with regard to the claims presented as a result of the death of three children, brother and sisters of the minor applicants. The claim for the death of her husband killed at the same time is not a part of this review.[1]

On May 22, 1975, Mrs. Mendoza was awarded a death benefit for the death of her husband. At the same time the Board found her five surviving children to be partially dependent on the income of their deceased brother and sisters and were awarded $728 for each death, or a

---

[1]The petitioner was awarded $45,000 as a total dependency award for her husband's death based on the presumption contained in Labor Code section 3501 and pursuant to Labor Code section 4702.

total of $2,184. Upon reconsideration, the Board affirmed the total award to the wife. It also affirmed the partial dependency status of the surviving children, but fixed the amount granted for the death of each working child at $4,363.68 (or a $13,091.04 total award to be distributed among the partial dependents). It is this award that provides the subject of this review.

Three[2] of the nine Mendoza children and their father[3] were killed in a common industrial accident on January 15, 1974, when the bus operated by their employer, Jesus Ayala Contracting Co., left the road and crashed into an irrigation canal. They were in the course of their employment at the time of the accident. The entire family lived in Mexicali, Mexico, and all were Mexican citizens except Mrs. Mendoza who was an American citizen.

The oldest son is self-supporting, and is not a claimant in this case.

In its opinion the Board found the children earned between $15 and $17 each day they worked. Each of the three children gave their pay to their father. He placed these earnings, along with his own, into a common fund, out of which the family was supported. He paid all the bills (rent, food, gas, clothing, electricity, water, etc.), and handled all the money. Each of the working children received approximately $2 a day for spending money, and Mrs. Mendoza was given $12 for daily household expenses. Neither party disputes these facts as found by the trier of fact and affirmed as correct by the Board. Uncontroverted is Mrs. Mendoza's statement to the effect that because the family worked as a unit, the earnings belonged to all of its members.

Under certain circumstances the surviving minor children of a deceased employee are conclusively presumed to be totally dependent for the purpose of fixing death benefits.[4] The petitioners, however, are

---

[2] Javier Mendoza (74SD35255), Lucia Villa Mendoza (74SD35256) and Maria Mendoza (74SD35258).

[3] Manuel Covarrubias Mendoza.

[1] Labor Code section 3501 provides a conclusive presumption for a wife and children of the decedent in the following way:

"The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she was living at the time of his injury, or for whose support such husband was legally liable at the time of his injury.

"(b) A child under the age of eighteen years or over that age but physically or mentally incapacitated from earning, upon the parent with whom he is living at the time of the

not able to avail themselves of the presumption in this case because they (1) are not "children" of the employees subject of the application, and (2) were nonresident aliens at the time of the fatal injury to their father (Lab. Code § 3500; *Munoz* v. *Workmen's Comp. Appeals Bd.,* 19 Cal.App.3d 144, 147 [96 Cal.Rptr. 394]). Actual dependency to recover benefits is, however, still available to them and is determined in accordance with the *facts.* (Lab. Code § 3502; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1975) § 15.02 [1], p. 15-4.) Our review of this issue is limited to a determination of whether the Board's finding is supported by substantial evidence in light of the entire record (Lab. Code § 5952; *LeVesque* v. *Workmen's Comp. App. Bd.,* 1 Cal.3d 627, 637-640 [83 Cal.Rptr. 208, 463 P.2d 432]; see also *Lamb* v. *Workmen's Comp. Appeals Bd.,* 11 Cal.3d 274, 281 [113 Cal.Rptr. 162, 520 P.2d 978]).

The substantial evidence test is not a vehicle for this court to superimpose its judgment upon that of the Board. Nor does it permit this court to accept "any" evidence or "some" evidence as a basis for the Board's decision. The Supreme Court expressly disapproved such departures from the proper scope of judicial review. (*LeVesque* v. *Workmen's Comp. App. Bd., supra,* 1 Cal.3d 627, 637.) Relevant facts which rebut or explain the supportive evidence must be taken into account (*LeVesque* v. *Workmen's Comp. App. Bd., supra* 1 Cal.3d 627; *Garza* v. *Workmen's Comp. App. Bd.,* 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451]; *Vela* v. *Workmen's Comp. Appeals Bd.,* 22 Cal.App.3d 513, 518 [99 Cal.Rptr. 387]). It is the reviewing court's duty to determine from the whole record whether the contradicting and conflicting evidence so discredits the supportive evidence as to render it insubstantial (*Vela* v. *Workmen's Comp. Appeals' Bd., supra,* 22 Cal.App.3d 513, 520). Thus, the need for substantial evidence and the aspect of using the whole record are two sides of the same coin.

"Dependency may be defined as reliance upon another person for support. Total dependents are those who at the time of injury are *solely* supported by the decedent, or who have a legal right to look to him for their entire support. . . . Partial dependents are those who at the time of

injury of the parent or for whose maintenance the parent was legally liable at the time of injury, there being no surviving dependent parent."

injury *have means of support other than the deceased's contributions ....*" (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, § 15.02 [1], p. 15-4.) (Italics added.)

Total dependency exists as a *fact* when the dependent has subsisted entirely upon the deceased employee's earnings (*Pacific Employers Ins. Co. v. Chavez,* 5 Cal.2d 247, 252 [54 P.2d 701]; 2 Hanna, § 15.02[3][b], p. 15-6). Those dependents who receive only part of their support from the deceased employee are partially dependent (2 Hanna, § 15.02[3][c], p. 15-7). Actual dependency in fact, as opposed to presumptive dependency, is to be determined by support actually given by the deceased. It is a question of the extent of the dependent's reliance on the income of the deceased (*Industrial Indem. Co. v. Industrial Acc. Com., supra,* 243 Cal.App.2d 700, 705-707 [52 Cal.Rptr. 647]).[5]

■ In the present case, the Board found the surviving children to be partially dependent on the income of their deceased brother and sisters. The death benefit was awarded accordingly. This determination is supported by substantial evidence in light of the whole record and the facts are not in dispute. The Board found the working children gave their pay to their father who gave them about $2 daily. The rest of their earnings were pooled in the family fund along with Mr. Mendoza's earnings. The facts are clear that though each of the surviving children was *totally* dependent upon this accumulated fund, the surviving children were not totally dependent on *each* contributing member. The group as a whole was dependent on four workers. No one of the working Mendoza family could be said to be totally supporting any one of the nonworking minors. The existence of the common fund, and the equal income of the other workers makes such a degree of support impossible.

. In the present case, *all* of the contributors to the fund were killed. Thus the argument is raised by petitioners that the total support of each survivor is lost and there should be an award of $40,000, the allowance for total dependency, from each deceased worker. We recognize that had the family used a different accounting system so that each working child totally supported a single nonworking child, and had the funds been kept separate, on the death of that worker it would have been possible to prove the one child was totally dependent on a deceased worker and obtain the larger total dependency award. Under those circumstances

---

[5]The compensation for loss of support is based on the income the dependent was in fact receiving at the time of the injury (*Market St. Ry. Co. v. Industrial Acc. Com.,* 193 Cal. 178, 181-182 [224 P. 95]; 2 Hanna, § 1.05[5][d], p. 1-31).

$120,000 would be paid for the death of three. In such a case, however, had death come to only one of the workers, none of the children, except the one who was "totally dependent," would recover anything while that one would be given the maximum award. That would present an apparent inequity. The equities of individual cases, however, do not give the Board or this court discretion to award benefits except as provided by statute. Workers' compensation does not assure the dependents they will get benefits sufficient to support themselves in the future or equal to the earning capacity of the deceased worker. It only provides a reasonable scheme for paying stated amounts to dependents. Here the evidence overwhelmingly shows four people[6] were making contributions for the support of each surviving child. The contribution of each was substantial and cannot be looked on as an inconsequential gift not for support because it was equal to the contribution of the others and without the receipt of the contributions of all, the family would not have been able to maintain its living standard.

Petitioners seek an award for the surviving children based upon their total dependency on *each* deceased worker. Such a finding is not supported by the evidence nor justified by law. In the absence of a statutory presumption of total dependency it is a logical impossibility for a claimant to be "totally" dependent on more than one worker.

The fact the Board did not have before it actual earnings for the two weeks of employment by Ayala does not make erroneous the computation of such earnings or the contributions of the deceased children for the relevant period. With the information that was available to the Board, the computation of the average weekly wage at $50 over a 50-week period with a deduction of $10 per week for the amount not contributed to the family coffer was supported by substantial evidence and was an appropriate and correct method of resolving this question of fact.

Labor Code section 4702 provides the formula for determining the amount of the award to partial dependents as follows: "In cases of partial dependency the death benefit shall be a sum equal to four times

---

[6]We have not discussed support provided by the father because petitioners' claim relates solely to the relationship between the surviving children and the deceased siblings. However, it must be noted that the father also added *his* income to the support of the family which included the five surviving children. His award to the wife was not "partial" because she enjoyed the *presumption* of total dependency as a result of Labor Code section 3501 (see fn. 3). His contribution, however, adds merit to the fact the children were partially dependent on him too.

the amount annually devoted to the support of the dependents by the employee, not to exceed the sum of forty thousand dollars ($40,000)." (Lab. Code § 4702.)

The Board found each working child contributed $2,000 to the common fund each year. Since there were 11 members of the family being supported by the fund, this amounted to a contribution of $181.82 for *each* dependent's support. The Board found there were *six* dependents, i.e., the five surviving children and the mother.[7] Thus, $181.82 times six equals $1,090.92. This figure, which is the amount each of the deceased children devoted to the support of the dependents as a group, should be multiplied by four in accordance with the statutory formula, and then by the number of the deceased children, three. This results in a sum which equals the Board's award.

Substantial evidence warrants a finding of partial dependency. The accompanying award is correct.

The order of the Workers' Compensation Appeals Board is affirmed and the petition denied.

Brown (Gerald), P. J., and Ault, J., concurred.

A petition for a rehearing was denied February 11, 1976, and the opinion was modified to read as printed above. Petitioners' application for a hearing by the Supreme Court was denied March 24, 1976.

---

[7]The mother is included as a partial dependent in spite of the fact she was allowed a total dependency award based on a presumption (see *Larsen* v. *Industrial Acc. Com.*, 34 Cal.2d 772, 775-776 [215 P.2d 16]). No issue is made of this by the respondents.