In the Matter of the Claim of GEORGIA McMILLAN, Respondent, v POLICE DOGS, INC., et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 3, 1976

*Herbert Lasky (Thomas J. Spargo* of counsel), for appellants.

*Harry Ander* for Georgia McMillan, respondent.

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. The threshold question presented is whether a stepchild is required to show dependency to qualify for death benefits. A "child", of course, is not so required *(Matter of Schechter v State Ins. Fund,* 24 AD2d 313, affd 18 NY2d 767). Subdivision 11 of section 2 of the Workmen's Compensation Law defines a "child" as including "a posthumous child, a child legally adopted prior to the injury of the employee; and a step-child or acknowleged illegitimate child dependent upon the deceased." The question therefore posed is whether the restrictive phrase "dependent upon the deceased" applies only to the illegitimate child or also to the stepchild. This question appears never to have been directly answered, and while there is, perhaps, an inclination, considering the liberal construction given to the Workmen's Compensation Law, to hold that it does not apply, in our opinion any reasonable reading of the statute clearly mandates that it must apply. The statute defines a "child" as including beyond regular offspring the posthumous child and the adopted child. These two inclusions are separated by a comma but the provision pertaining to stepchildren and illegitimate children is separated not only by a co-ordinating conjunction but also by a semicolon. Thus a separate grouping is clearly indicated. Moreover, if the disputed restriction were not to apply also to stepchildren as it does not to the posthumous or adopted child, the logical method of preparing the statute would have been to put the provision for the inclusion of the stepchild before the semico-

lon and the "and" rather than after it. Thus, the only construction possible is that the dependency restriction was intended to apply to a stepchild as well as an illegitimate child. Having decided that dependency must be established to permit an award of death benefits to a stepchild, the next question is whether there is substantial evidence in the instant record to support a finding of such dependency. On the one hand the decedent had not actually supported the child for some seven years prior to his death, while on the other, he had actually supported the child for the five years he and her mother had lived together and was under a court order to provide support payments for the child. Though he made payments under this order only for a short period in 1965, it was still in force at the time of his death. Upon this state of the record we cannot say that the board could not properly conclude that dependency in fact existed (see *Matter of Thompson v Thomashoff Press,* 31 AD2d 848). Accordingly, the decision of the board must be upheld.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

KOREMAN, P. J., GREENBLOTT, MAIN and HERLIHY, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.