**Richard A. LAVOIE et al., (Deceased).**

**v.**

**INTERNATIONAL PAPER COMPANY.**

Supreme Judicial Court of Maine.

July 13, 1979.

Cloutier & Joyce by Patrick E. Joyce, Livermore Falls (orally), Holman & Cullenberg by Ronald J. Cullenberg, Farmington (orally), for plaintiffs.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Albert G. Ayre, Portland (orally), for defendant.

Before POMEROY, ARCHIBALD, GOD-FREY, and NICHOLS, JJ.

POMEROY, Justice.

Decedent, Richard A. Lavoie, was electro-cuted on February 2, 1977 while working as an electrician for the International Paper Company. The death concededly arose out of, and occurred within, the scope of decedent's employment. The employer recognizes its responsibility to compensate such surviving dependents of its employee as may qualify under our Workers' Compensation Act. The appeal in this case arises from a decision of the Workers' Compensation Commission and a subsequent *pro forma* affirmation of the Commissioner's decree by the Superior Court.

We sustain the appeal.

39 M.R.S.A. §§ 58 and 59 provide for the payment of either a *"death benefit"* or *"burial expenses"* or both, to the family or dependents of the deceased worker, in accordance with the Act's provisions.

Section 58 provides that where death follows an industrial injury,

> the employer shall pay the dependents of the employer, dependent upon his earnings for support at the time of his injury, a weekly payment equal to ⅔ his gross weekly wages . . . until such time as provided for in the following paragraph.

> . . . . .

> If the dependent of the employee to whom compensation will be payable upon his death is the widow of such employee, upon her death or at ·such time as she becomes a dependent of another, compensation to her shall cease and . . . shall be paid to the child or children, if any, of the deceased employee, including adopted and step-children, under the age of 18 years . . . who are dependent upon the widow at the time of her death or dependency.

> . . . . .

> In case there is more than one child thus dependent, the compensation shall be divided equally among them. Except in the case of dependents who are physically or mentally incapacitated from earning, compensation payable to any dependent child under the age of 18 years shall cease upon such child's reaching· the age of 18 years or upon marriage.

> If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the employer shall pay such dependents a weekly compensation equal to the same proportion of·the weekly payments provided in this section for the benefit of persons dependent, as the total amount contributed by the employee to such partial dependents for their support during the year prior to his injury, bears to the earnings of the employee during said period.

Section 59 of the Act provides for the payment of *"incidental"* benefits:

> If the employee dies as a result of the injury, the employer shall pay in addition to any compensation and medical benefits provided for in this Act, the reasonable expense of burial, not to exceed $1,000 and in addition thereto a payment in the sum of $1,000 to the widow and if no widow, to the children and if no children to the next of kin as incidental compensation.

Following decedent's death, Stephen R. Lavoie and Nita Vanzant—as mother and natural guardian of Donna K. Lavoie and Terry Lee Lavoie—petitioned for compensation as children and dependents of the deceased. Subsequently a similar petition was filed by Louise York, for herself and as mother and natural guardian of Jeffrey Lee York. At the time of his death decedent was living with the Yorks, and had been since approximately 1969.

Following testimonial hearings and further presentation of evidence, the Commissioner ruled that none of the petitioners was actually dependent[1] upon the earnings of the decedent at the time of death. None,

---

1. The Commissioner concluded that "[t]he basic issue in this proceeding concerned the question of actual dependency for the purposes of Section 58." He ruled out presumptive de-

he wrote, was entitled to compensation under § 58 of the Workmen's Compensation Act, and only Donna K. Lavoie (as decedent's only minor child) was entitled to incidental compensation under § 59 of the Act. This appeal followed a *pro forma* Superior Court affirmation of the Commission decree.

The factual background of this case is critical to an appreciation of the issues raised. Decedent, as previously noted, lived with claimant Louise York and her son Jeffrey from approximately 1969 until his death in 1977. Ms. York had divorced her husband in 1969 and had been receiving $20 per week in child support since 1975. A nominal alimony payment of $1.00 annually was also required by the decree.

Decedent and the Yorks lived in a home owned by Ms. York and her former husband as joint tenants, the mortgage on which was being paid by the former husband. Decedent's income paid virtually all other bills and expenses—heat, light, food, clothing, taxes—with the exception of medical expenses,[2] which at various times were paid by the former husband's medical insurance or by Medicaid. The testimony of co-workers established that decedent customarily turned his paycheck over to Ms. York, who handled the household's finances, even to the extent of writing support checks for decedent's children. Ms. York did not work while living with decedent, and testified that health problems have prevented her from doing so since his death.

Decedent's former wife, Nita Vanzant, whom he divorced in 1962, lives in Texas with claimants Stephen R., Donna K., and Terry Lee Lavoie.[3] Ms. Vanzant, having remarried, did not claim dependency. Decedent contributed to the support of his children in Texas, although they made frequent and sustained visits to Maine. During their visits, they resided with their father and the Yorks. Ms. Vanzant estimated that the children spent nearly half of each year with their father, and that his payments provided for some 75% of their support while they lived with her. These payments were commingled with the family's other income, and were neither designated for, nor restricted to, any particular use.

At decedent's death, Stephen was eighteen years old, Donna was 16 and Terry 12. They claim as dependents of deceased.

■ Dependency such as will support an award under the Workmen's Compensation Act may be either presumed or actual, partial or total. The law conclusively presumes total dependency on the part of several classes of dependents. In this case we need note only that it includes

> *A child or children, including adopted and stepchildren, under the age of 18 years, of under the age of 23 years if a student, or over the age of 18 years but physically or mentally incapacitated from earning, upon the parent with whom he is or they are living, or upon whom he is or they are actually dependent in any way at the time of the injury to said parent*
> . . . .

39 M.R.S.A. § 2(4)(c).

The Commission concluded that no petitioner in this case was presumably dependent upon decedent, *supra*, n. 1.

pendency upon the part of any claimant for these reasons:

(1) Nita Vanzant: was not a claimant—appeared on behalf of minor children;

(2) Stephen R. Lavoie: at decedent's death, was not under age eighteen, was not living with deceased, and concededly was not dependent on deceased;

(3) Donna Kay Lavoie: was not living with deceased at his death;

(4) Terry Lee Lavoie: was stipulated not to be a child of decedent;

(5) Louise York: common law marriages not being recognized in Maine, decedent was not "husband with whom [claimant] lives";

(6) Jeffrey Lee York: was not a child, adopted child or step-child of decedent.

2. The expenses were extensive, although the precise cost does not appear of record. Ms. York has undergone several heart surgeries and surgery for cancer since 1969. Jeffrey York has been hospitalized frequently and has had eight major ear operations.

3. The youngest Lavoie is apparently not the son of decedent, and counsel for appellee and for the Lavoies have stipulated that at least for the purposes of § 59, decedent left *"no widow and two children."*

In this he erred.

Donna K. Lavoie was not, in the Commissioner's view, to be presumed dependent upon decedent because she "*was not 'living with'* *the deceased at the time of death.*" Section 2(4)(C), *supra*, provides, however, for the presumption to operate as to children not living with decedent where they are "*actually dependent in any way*" at the time of the parent's injury. Decedent in this case was under a court order to support Donna, and did so regularly. Indeed, Donna's mother testified that the payments by decedent accounted for some 75% of the children's support while they lived with her.[4]

The Commissioner's findings as to Donna's lack of actual dependency stated:

> Although there was an outstanding court order following decedent's divorce to provide child support for Donna Kay Lavoie, a legal obligation to support does not, by itself, establish dependency.
>
> At the time of the decedent's death, Donna Kay Lavoie was living in Texas with her mother. Her mother had remarried, and, in fact, she testified that her present husband was contributing to the support of the children. [Record citation omitted]
>
> Moreover, the children, including Donna, were covered under her present husband's medical insurance plan.

▪ Apparently the Commissioner acted under the erroneous assumption that contribution to Donna's support by her stepfather precluded finding her dependent upon decedent. As Professor Larson has explained it:

> Partial dependency may be found when, although the claimant may have other substantial sources of support from his own work, from property, or from other persons on whom claimant is also dependent, the contributions made by decedent were looked to by the claimant for the maintenance of his accustomed standard of living.

4. Though it may be said that each family member was totally dependent upon this fund, it is impossible to say whether Donna, alone, was totally dependent upon that portion contributed by decedent. On remand, the extent of support

2 A. Larson, *The Law of Workmen's Compensation*, § 63.11 (1976), *citing Ricciardi v. Damar Products Co.*, 45 N.J. 54, 211 A.2d 347 (1965); *Jewell v. Olson Constr. Co.*, 122 Vt. 434, 175 A.2d 509 (1961); *Colby v. Varney*, 97 N.H. 130, 82 A.2d 604 (1951).

▪ Dependency under the Workers' Compensation Act requires something greater than a duty to support, as it demands, beyond the mere fact of relationship,

> some evidence of a reasonable probability and expectation that the obligation of the parent will be fulfilled and thereby have some real as well as mere theoretical value.

*Drouin v. Ellis C. Snodgrass Co.*, 138 Me. 145, 150, 23 A.2d 631, 633 (1941). Moreover, as Mr. Justice Dunn observed, citing Chief Justice Cornish,

> [t]he mere receiving of assistance . . does not of itself make the recipient a dependent. Granting that there were contributions, the yet further test for dependency is: Had the accepting one necessity therefore in his life station, and were they counted on by him for his means of livelihood?

*Weliska's Case*, 125 Me. 147, 148, 131 A. 860, 861 (1926); *citing Henry's Case*, 124 Me. 104, 106, 126 A. 286, 287 (1924).

▪ Thus dependency, in these circumstances, consists of three components: relationship, contribution (or probability and expectation) and reliance. In the present case, decedent's statutory duty to support Donna—conceded by all parties—was complemented and strengthened by a court order of support. Uncontroverted evidence established that decedent regularly met this obligation to Donna, and that his contributions, far from being sporadic and inconsequential gifts, (*compare Drouin, supra* 138 Me. 145, 23 A.2d at 633) were relied upon for her support. That Donna might have

Donna derived from decedent's contributions must be calculated. *See de Mendoza v. Worker's Comp. Apps. Bd.*, 54 Cal.App.3d 820, 824, 127 Cal.Rptr. 173, 176 (1976).

been adequately provided for, in the absence of these payments, by her mother or stepfather is irrelevant. The *"livelihood"* of Chief Justice Cornish, *supra,* is not one of bare subsistence. Dependence does not require proof that

> without decedent's contributions, claimant would have lacked the necessities of life, but only that decedent's contributions were relied on by claimant to maintain claimant's accustomed mode of living.

Larson, *supra,* § 63.11. *See Rookard, Inc. v. Meyers,* 25 Or.App. 303, 548 P.2d 1318 (1976).

■ In light of these circumstances, we find the Commissioner's finding that Donna was not dependent clearly erroneous. That Donna was *"actually dependent in any way"*, 39 M.R.S.A. § 2(4)(c), is shown by the contributions received under the court order of support; accordingly; she was presumptively dependent under § 2(4)(c). *Drouin v. Ellis C. Snodgrass Co.,* 138 Me. 145, 149, 23 A.2d 631, 633 (1942). *See McMillan v. Police Dogs, Inc.,* 52 A.D.2d 369, 384 N.Y.S.2d 36, 37 (1976); *Kolakowski v. Thomas Mfg. Corp.,* 88 N.J.Super. 478, 212 A.2d 786, 793 (1965). In *Kolakowski* the employee ceased paying child support shortly after his divorced wife's remarriage. Upon his death seven years later, the court nevertheless held the children dependent, the legal obligation to support being extant. 212 A.2d at 793.

The case must be remanded, evidence taken as to the extent of Donna's dependency upon the decedent, and the decree revised to provide for her recovery.

## II.

■ As to Louise and Jeffrey York, there is no question but that they cannot be presumably dependent, as neither meets the criteria of relationship to decedent by blood or marriage required under the statute.

More than sixty years ago this Court examined the provision of the Act granting benefits to members of a family. In *Scott's Case,* 117 Me. 436, 104 A. 794 (1918) we suggested that the term *"family"* denoted

> a collective body of persons who live in one house under a head or manager who has a legal or moral duty to support the members thereof.

117 Me. at 441, 104 A. at 796. In *Scott,* we found decedent's illegitimate child by his consort to be of his family and dependent, but disqualified the child's mother because of her unlawful conduct in residing with decedent. Our opinion makes clear, 117 Me. at 442, 104 A. 794, that we found that illegal conduct determinative.[5]

■ Also in *Scott's Case, supra,* this Court pointed out at 117 Me. 443, 104 A. 794 that the rights of a party under the Workers' Compensation Act are purely statutory. Unless a claimant can be clearly said to come under the provisions of the statute, he cannot take. We find nothing in the Act as it now exists on the basis of amendments which have been made of it since the decision in *Scott's Case* in 1918, which would indicate that the Legislature intended to enlarge the meaning of the word *"family"* under the Workers' Compensation Act to include a woman with whom a deceased employee was living in a union not solemnized by formal marriage. The decision in *Scott's Case* that a woman with whom a deceased employee was living in a union not solemnized by marriage cannot be a dependent within the meaning of Workmen's Compensation Act (now Workers' Compensation Act) remains unchanged. We must hold that although we disagree with the Commission's rationale, its decision as to the rights of Ms. York is correct.

Because of the erroneous ruling by the Commission as it relates to claimant Donna Lavoie's rights under the Workers' Compensation Act, we must sustain the appeal. We remand the case to the Superior Court with instructions to remand the case to the Workers' Compensation Commission. The

---

**5.** *West v. Barton-Marlow Co.,* 50 Mich.App. 492, 213 N.W.2d 591 (1973) reached a similar conclusion on comparable facts, denying benefits to the claimant who had lived in a meretri-cious relationship with decedent for thirteen years. A *"family relationship,"* this Court held, cannot be found on moral turpitude.

Commission must take evidence and determine what proportion of Donna Lavoie's support was attributable to the decedent, and the relation of these contributions to decedent's earnings.

The entry is:

Appeal sustained.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

Further ordered that the appellee pay to the appellants an allowance for counsel fees in the amount of $550.00, together with their reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and WERNICK, J., did not sit.

DELAHANTY, J., sat at oral argument, but participated no further.